**UNITED STATES of America**

v.

**Michael HILL, Appellant.**

**No. 09–1907.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 16, 2009.

Filed: Dec. 22, 2009.

Robert L. Eberhardt, Esq., Stephanie L. Haines, Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Arthur T. McQuillan, Esq., McQuillan Law Offices, Johnstown, PA, for Appellant.

Michael Hill, Loretto, PA, pro se.

Before: FISHER, HARDIMAN, and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

VAN ANTWERPEN, Circuit Judge.

Appellant-defendant Michael Hill's Counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The United States has filed a brief in support of Counsel's motion. Although Counsel's *Anders* brief is slightly insufficient, because this Court is satisfied there are no non-frivolous issues for direct appeal, we will grant Counsel's motion to withdraw and dismiss the appeal.

### I.

Because we write solely for the parties, we will address only those facts necessary to our opinion.

On December 25, 2005, Hill escaped from the Federal Correctional Complex in Loretto, Pennsylvania where he was serving a 234 month sentence for a drug conspiracy involving cocaine base. Hill was designated to a federal prison camp at Loretto, which is a minimum security camp with no perimeter fencing.

After Hill was captured in March 2008, he pled guilty to violating 18 U.S.C. § 751(a), which makes it a crime to escape from government custody. In the Presentence Report prepared by the U.S. Probation Office, Hill's offense was calculated at a base level of 13, with a two-point downward adjustment because he accepted responsibility. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (2008). The advisory guideline range for Hill's conduct, in light of his criminal history category of Level III, was twelve to eighteen months. Prior to sentencing, Hill's counsel filed a Motion for Concurrent Term of Imprisonment, which was denied. On March 23, 2009, a trial court sentenced Hill to a term of twelve-months imprisonment, to run consecutively to Hill's undischarged term of imprisonment, and three-years supervised release to run concurrently with Hill's other supervised release term. This sentence was at the low end of the advisory guideline range of twelve to eighteen months.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). This Court exercises plenary review over an *Anders* motion. *See Penson v. Ohio,* 488 U.S. 75, 82–83 n. 6, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

Our inquiry under *Anders* is twofold. First, we must consider whether counsel adequately fulfilled its obligations under Third Circuit Local Appellate Rule 109.2(a). *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). Regarding this issue, counsel must satisfy us that he or she (1) thoroughly scoured the record in search of appealable issues, (2) identified any issues arguably supporting the appeal, even though they are frivolous, and (3) explained to us why they are frivolous. *United States v. Coleman,* 575 F.3d 316, 319 (3d Cir.2009) (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)). Second, we must consider whether an independent review of the record presents any non-frivolous issues. *Youla,* 241 F.3d at 300. If the *Anders* brief appears adequate on its face, we review only the portions of the record identified in the *Anders* brief and any issues raised by an appellant in a *pro se* brief. *Id.* at 301. But, "except in those cases in which frivolousness is patent, we will reject briefs … in which counsel argue [sic] the purportedly frivolous issues aggressively without explaining the faults in the arguments." *United States v. Marvin,* 211 F.3d 778, 781 (3d Cir.2000).

## III.

 Counsel's *Anders* brief is technically insufficient. In his brief, Counsel identifies three potential issues for appeal, all relating to Hill's sentence: (1) that Hill is entitled to a four-point downward departure pursuant to the federal sentencing guidelines for escaping from a non-secure community correction center, community treatment center, or halfway house; (2) that the District Court abused its discretion in refusing to run Hill's sentence concurrent to his undischarged drug sentence; and (3) that the District Court failed to consider the defendant's mental and emotional state in sentencing. Although Counsel examines each potential issue with care, and cites controlling law, Counsel fails to explain to us the faults in these arguments, as required under *Marvin,* 211 F.3d at 781.

Moreover, Counsel only addressed Hill's potential sentencing claims. When a defendant pleads guilty, as Hill did, there are three potential issues open for appeal: the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Counsel did not address jurisdiction or the adequacy of Hill's plea. Notably, Counsel need not include every possible claim of error in an *Anders* brief, but the brief must exude sufficient indicia that Counsel made a reasoned decision not to raise the issues omitted. *Marvin,* 211 F.3d at 780. Here, although Hill did not file a *pro se* brief, he wrote his Counsel a letter bringing up each of the arguments addressed in Counsel's *Anders* brief. *App.* at 43–44. Therefore, we are not confident that Counsel omitted the other appealable issues based on a reasoned belief they lack merit; rather, it appears to us that Counsel merely framed his arguments to respond to the issues the defendant specifically indicated he intended to appeal.

## IV.

While Counsel's *Anders* brief is inadequate, and no *pro se* brief was filed, we will not appoint new counsel as we do not need further assistance; the issues are straight-

forward and easily resolvable on the record before us. *See Coleman,* 575 F.3d at 321 (noting that in those cases when the Court concludes the appeal lacks merit, "we will not appoint new counsel even if an *Anders* brief is insufficient."). We will limit our independent review to the record, in light of Hill's guilty plea, to the District Court's jurisdiction, the validity of the plea, and the legality of the sentence.

Hill pled guilty to one count of 18 U.S.C. § 751(a). The District Court plainly has jurisdiction over this offense under 18 U.S.C. § 3231, as Hill's crime was an offense against the laws of the United States. Therefore, Hill can raise no non-frivolous claims with respect to jurisdiction.

■ The record indicates both that the District Court colloquied Hill prior to accepting his plea, in keeping with the requirements of Federal Rule of Criminal Procedure 11(b), and that Hill had no intention of appealing the sufficiency of that colloquy. Therefore, Hill can raise no non-frivolous issue with respect to his plea.

Furthermore, Counsel predicts Hill will appeal his sentence. This Court reviews the overall sentence for abuse of discretion by engaging in a procedural and substantive review of the sentence. *See United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009). Procedurally, the District Court must (1) accurately calculate the applicable sentencing guidelines range; (2) formally rule on the motions of both parties and state on the record whether the court is granting a departure and how that departure affects the guidelines range; and (3) consider all the factors under 18 U.S.C. § 3553(a) and adequately explain the chosen sentence in a manner that allows for meaningful appellate court review of the reasonableness of the sentence. *See Gall v. United States,* 552 U.S. 38, 49–50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Gunter,* 462 F.3d 237, 247

(3d Cir.2006). If the District Court's procedure is without error, then we consider the substantive reasonableness of the sentence based on the totality of the circumstances. *Tomko,* 562 F.3d at 567. It is clear from the record that the District Court followed the procedural guidelines and gave meaningful consideration to the relevant § 3553(a) factors. Moreover, the Court did not abuse its discretion by imposing a twelve-month consecutive sentence. Thus, we conclude the sentence was legal and reasonable.

■ Counsel contends that Hill may appeal the sentence arguing he is entitled to a four-point downward departure. If a defendant escaped from the "non-secure custody of a community corrections center, community treatment center, halfway house, or similar facility," he is entitled to a four-point downward departure under the Sentencing Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 2P1.1(b)(3). We agree with the government and Counsel that there is no factual basis for characterizing the Federal Prison Camp adjacent to the Federal Corrections Institution at Loretto, the minimum security facility from which Hill escaped, as something similar to a community center. *See United States v. Hillstrom,* 837 F.Supp. 1324, 1339 (M.D.Pa.1993) (finding the Federal Prison Camp at Allenwood, a lower level Federal Prison Camp than Loretto, dissimilar to a community correction facility for the purposes of the same guidelines provision). Therefore, we find that Hill is unable to make a non-frivolous appeal based on the argument that Loretto should be characterized as similar to a community corrections facility for sentencing purposes.

■ Similarly, Hill cannot present a non-frivolous claim that the District Court erred by refusing to run his twelve-month sentence concurrently with the remainder of his prior sentence. A District Judge

has discretion to impose a term of imprisonment either consecutively or concurrently on a defendant who is already subject to an undischarged term of imprisonment, upon consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(a), (b). It is clear to us from the record that the District Court gave meaningful consideration to the relevant § 3553(a) factors before deciding to impose Hill's sentence consecutively. Thus, Hill is unable to make a non-frivolous claim on this issue.

■ Counsel predicts Hill would appeal his sentence claiming that the District Court erred by not considering whether the defendant deserved a downward departure due to defendant's mental and emotional state. U.S. SENTENCING GUIDELINES MANUAL § 5H1.3. Neither Hill nor his attorney asserted to the District Court that Hill may be entitled to a downward departure on that basis, and arguments asserted for the first time on appeal are deemed waived and unreviewable by this Court, absent exceptional circumstances which do not exist here. *Gov't of Virgin Islands v. Rosa,* 399 F.3d 283, 291 (3d Cir.2005); *Brown v. Philip Morris Inc.,* 250 F.3d 789, 799 (3d Cir.2001).

According to the Counsel's brief, he considered, but decided against moving for a downward departure due to Hill's mental or emotional state. He noted, and the record confirms, that Hill has no history of mental or emotional conditions, and there is no reference to any emotional or mental conditions in the presentencing report. Moreover, when invited, Hill accepted the opportunity to tell the Court what he wanted the Court to know, but he did not ask for a downward departure to reflect any mental or emotional conditions from which he suffered. *App.* at 26–30. Waivers are unreviewable because it is presumed they were the result of tactical choices, as this was. *Rosa,* 399 F.3d at

290. As the defendant never advanced the issue of a departure for mental or emotional issues to the District Court, the issue is waived and unreviewable on appeal. *Id.* Thus, we conclude Hill has no non-frivolous claim for appeal due to the lack of consideration of his mental and emotional state before sentencing.

V.

Although we conclude that Counsel's *Anders* brief is technically insufficient, because we find that Hill's appeal presents no meritorious arguments, we will grant Counsel's motion to withdraw and dismiss Hill's appeal.