UNITED STATES of America

v.

Gregory Rasaan JACKSON, Appellant.

No. 09–2138.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 28, 2010.

Filed: Feb. 3, 2010.

Edmond Falgowski, Esq., Edward J. McAndrew, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Edson A. Bostic, Esq., Tieffa N. Harper, Esq., Eleni Kousoulis, Esq., Office of Federal Public Defender, Gregory Rasaan Jackson, Wilmington, DE, for Appellant.

Before: RENDELL and JORDAN, Circuit Judges, and AMBROSE *, District Judge.

**OPINION OF THE COURT**

AMBROSE, District Judge.

Appellant Gregory Jackson's appointed counsel has filed a motion to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The government has filed a brief in support of counsel's motion. Jackson has not filed any *pro se* brief in opposition to counsel's motion. Because we are satisfied that there exist no non-frivolous issues for direct appeal, and Jackson's counsel has complied with all duties under applicable law, we will grant counsel's motion and dismiss the appeal.

**I.**

Because we write solely for the parties, we will limit our discussion to facts relevant to framing the inquiry on appeal.

---

* Honorable Donetta W. Ambrose, Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

On May 12, 2005, the District Court sentenced Jackson to forty-eight months of imprisonment and three years of supervised release. The sentence followed Jackson's plea of guilty to an indictment charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was released to supervised release on November 14, 2007. While on supervised release, Jackson failed to appear for scheduled appointments with his probation officer, failed to attend mental health counseling, and submitted urine samples that tested positive for cocaine. Additionally, on May 13, 2008, Jackson was arrested for second degree assault, after punching his wife and causing her physical injury. He pleaded guilty to that charge in Delaware state court, and was sentenced by the state court to eight years of imprisonment, suspended after serving three years, as well as restitution. On January 9, 2009, the District Court issued an amended petition on probation and supervised release.

Subsequently, on April 4, 2009, the District Court held a revocation and sentencing hearing. During the hearing, Jackson admitted to violating his supervised release. The District Court determined that the advisory sentencing guideline range was thirty-three to forty-one months, and that there was a statutory maximum of twenty-four months. The District Court then revoked Jackson's supervised release, and imposed a sentence of twenty-four months imprisonment, to run consecutive to the state sentence. Jackson then filed this timely appeal.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Under *Anders*, we engage in a two-part inquiry. First, we ask whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a); [1] second, we consider whether an independent review of the record presents any non-frivolous issues for appeal. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir.2009). In this context, moving counsel must demonstrate that the record has been "thoroughly scoured ... in search of appealable issues," and must "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000). In engaging in this inquiry, we review the *Anders* brief itself, as well as the record on appeal. If the *Anders* brief appears facially adequate, however, we need not conduct a "complete scouring of the record," but instead may be "guided in reviewing the record by the *Anders* brief itself," as well defendant's *pro se* brief. *United States v. Youla*, 241 F.3d 296, 301 (3d Cir.2001).

After reviewing the present record and counsel's submissions, we conclude that counsel has complied with the requirements of both *Anders* and LAR 109.2. Counsel has provided copies of the *Anders* brief to both Jackson and the government. It is clear, as well, that counsel has thoroughly examined the record in order to identify any appealable issues, and explained why the sole potential grounds for

---

1. Local Appellate Rule 109.2(a) provides, in pertinent part, as follows:

    Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *An-*

    *ders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States ... If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

appeal would be frivolous. We are satisfied that counsel's *Anders* brief is adequate on its face. Accordingly, and because Jackson did not file any *pro se* brief, we will confine our review of the record to those portions identified in the *Anders* brief.

Upon independent review of the record, we reach the same conclusion as that reached by counsel and the government. Counsel notes that Jackson may argue that his sentence is unreasonable, but that the argument is frivolous because the Court explained the reasons for its sentence and properly exercised its discretion. In reviewing a sentence, we must ensure that the district court committed no procedural error, and then consider the reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

During sentencing, the District Court discussed an uncharged gun offense, but expressly and repeatedly stated that the offense was not part of its rationale for sentencing. Instead, the Court stated that its sentence was based "most especially [on] the factors outlined in Title 18, 3553(a)," and correctly calculated the applicable advisory guideline range. Moreover, the Court adequately explained the basis for the sentence, which involved, *inter alia,* Jackson's history, characteristics, and the nature of the offense. The Court's decision was based on legally appropriate factors, reflects no procedural error, and was not an abuse of discretion.

### III.

In conclusion, we are satisfied that there are no non-frivolous issues available to be presented on appeal. We will AFFIRM the judgment of the District Court, and will GRANT counsel's motion to withdraw. Pursuant to Third Circuit Local Appellate

Rule 901.2(b), we further find that "the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the United States Supreme Court."