NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4591
_____

UNITED STATES OF AMERICA

v.

OMAR REINA,
a/k/a Fernando Diaz,
a/k/a Paisa,

Omar Reina,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-08-cr-00262-001)
District Judge: Hon. Timothy J. Savage

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010

Before: McKEE, *Chief Judge*, and RENDELL and GARTH,  *Circuit Judges*,

(Filed July 13, 2010)

OPINION

McKEE, *Chief Judge*.

Omar Reina appeals from the district court's judgment of conviction and sentence

that was imposed following his guilty plea.  Reina's appointed counsel has filed a motion

to withdraw as counsel and submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will affirm.

## I.

Inasmuch as we write primarily for the parties, it is not necessary to recite at length the facts of this case. It is sufficient to note that Reina pled guilty to four counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). At Reina's sentencing hearing, the parties agreed with the district court's finding that Reina's offense level was 29, his criminal history category was VI, and his Guidelines range was 151 to 188 months imprisonment. The district court sentenced Reina to 151 months imprisonment, three years supervised release, a fine of $1,000.00, and a special assessment of $400.00. Thereafter, Reina filed a timely notice of appeal.[1]

As noted above, Reina's appointed counsel has filed a motion to withdraw and an *Anders* brief stating that he is unable to identify any non-frivolous issues for review. In accordance with LAR 109.2(a), both the government and Reina were provided with a copy of the *Anders* brief. The government filed a response brief, but Reina chose not to submit a *pro se* brief on the merits of the appeal.[2]

## II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] On July 30, 2009, by Court Order, Reina was given thirty days to file a *pro se* brief on the merits. Although he opted not to file a brief on the merits, on October, 8, 2009, he filed a Motion to Dismiss the Pending Appeal Without Prejudice.

When counsel submits an *Anders* brief, the Court inquires: "(1) whether counsel adequately fulfilled the rule's requirements [Third Circuit Local Appellate Rule 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "[I]f counsel finds his case to be wholly frivolous, after conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Therefore, under *Anders*, "appellant's counsel must 'satisfy the court that he or she has thoroughly scoured the record in search of appealable issues' and then 'explain why the issues are frivolous.'" *United States v. Coleman*, 575 F.3d 316, 319 (3d. Cir. 2009).

Counsel identifies three potential issues for appeal and reaches the conclusion that they are all frivolous. The issues he identifies are: (1) the court lacked jurisdiction to accept the plea; (2) the plea is invalid as judged by applicable constitutional and statutory standards; and (3) the sentence is illegal.

The first issue clearly would be frivolous because Reina was charged with a federal crime; hence, the district court had jurisdiction pursuant to 18 U.S.C. § 3231.

The second issue would also be frivolous because Reina's guilty plea met the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969) and Federal Rule of Criminal Procedure 11. Under *Boykin* and Rule 11, a guilty plea is invalid only if it is

3

not the result of a knowing and voluntary waiver of rights. *Id.* As the record

demonstrates, the district court conducted a thorough plea colloquy in compliance with

*Boykin* and Rule 11.

Lastly, any argument that the sentence is illegal would also be frivolous. The

sentence did not exceed the statutory maximum under 21 U.S.C. § 841(b)(1)(c) and it was

procedurally and substantively reasonable. A sentence is procedurally reasonable if a

district court engages in the following three-step process:

> A district court must begin the process by first calculating the applicable
> Guidelines range. After that initial calculation, the court must then rule on any
> motions for departure and, if a motion is granted, state how the departure affects
> the Guidelines calculation. Finally, after allowing the parties an opportunity for
> argument, the court must consider all of the § 3553(a) factors and determine the
> appropriate sentence to impose, which may vary from the sentencing range called
> for by the Guidelines.

*U.S. v. Levinson*, 543 F.3d 190, 194-95 (3d Cir. 2008). The district court accurately

followed the three-step process. It determined the Guidelines range and then, because

neither party requested a departure, it meaningfully considered the § 3553(a) factors. If a

sentence is procedurally sound, it is also considered substantively reasonable "unless no

reasonable sentencing court would have imposed the same sentence on that particular

defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d

558, 568 (3d. Cir. 2009). The district court reasonably sentenced Reina to a sentence on

4

the low end of the Guidelines range, after consideration of the § 3553(a) factors.

## III.

Accordingly, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw will be granted.