

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# USA v. Bennett

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3225

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bennett" (2007). *2007 Decisions.* Paper 1486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3225
_____

UNITED STATES OF AMERICA

vs.

OMAR BENNETT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-172-24)
District Judge:  The Honorable Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2006

BEFORE: SLOVITER, CHAGARES, and NYGAARD, Circuit Judges.

(Filed:  March 14, 2007)

_____

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Omar Bennett was convicted of possession of 50 grams of crack cocaine and five grams of powder cocaine. The District Court sentenced him to 240 months in prison and 10 years' supervised release, and imposed a $1,500 fine and a $100 special assessment.

Bennett's appointed counsel, Joshua Briskin, filed a notice of appeal and a motion to withdraw as counsel. After we denied his motion, he filed an *Anders* brief. On a single page, Briskin gave a perfunctory rendition of the facts, and stated, "[a]fter a careful review of the Trial transcripts and the record, counsel has concluded that there are no non-frivolous issues for appeal in the matter. The Appellant should be remanded and resentenced, consistent with *United States v. Booker*, 125 S.Ct. 728 (2005)."

We permitted Bennett to submit briefs *pro se*. He contended, *inter alia*, that the District Court's sentence was erroneously based upon a prior conviction which was not final at the time of his federal offense. Specifically, he argued a prior conviction that remains subject to direct review cannot be used to support a recidivist enhancement under 21 U.S.C. §841(b)(1)(A). We agree. Bennett's conviction remained subject to direct review by the United States Supreme Court, and was therefore not "final" for sentencing purposes. *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). In its response,

the Government acknowledges the District Court's "plain error," and concedes Bennett is entitled to re-sentencing without application of a mandatory penalty.

The Due Process and Equal Protection clauses ensure an indigent criminal defendant the right to "adequate and effective appellate review," *Griffin v. Illinois*, 351 U.S. 12, 20 (1956), and the right to effective appellate counsel. *Douglas v. California*, 372 U.S. 353, 355-58 (1963). To help safeguard these rights, we have adopted the procedure suggested by the Supreme Court in *Anders v. California*, 386 U.S. 738 (1967). 3d Cir. R. 109.2(a).

When reviewing an *Anders* brief, we determine: 1) whether counsel adequately fulfilled the rule's requirements; and 2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). The first inquiry is dispositive. *Youla*, 241 F.3d at 300 (citing *Marvin*, 211 F.3d at 781). Except in cases in which claims are frivolous, we will reject briefs where we are not satisfied counsel has adequately attempted to uncover his client's best arguments. *Youla*, 241 F.3d at 300 (3d Cir. 2001) (internal citations omitted).

Appointed counsel is required to support the client's appeal to the best of his or her ability. *Anders*, 386 U.S. at 744. In all cases, appointed counsel must conscientiously evaluate the client's case and discern non-frivolous arguments. *Smith v. Robbins*, 528 U.S. 259, 278 n.10 (2000) (citing *Ellis v. United States*, 356 U.S. 674, 675 (1958) and

3

*Anders*, 386 U.S. at 741-43). When submitting an *Anders* brief, counsel must: 1) satisfy the court that he or she has throughly scoured the record in search of appealable issues; and 2) explain why the issues are frivolous. *Marvin*, 211 F.3d at 780 (citing *United States v. Tabb*, 125 F.3d 583, 585-86 (7th Cir. 1997)).

Attorney Briskin plainly abandoned his client's interests, abdicated his professional responsibilities and ignored his duties to the Court. Briskin made no attempt to address any of the issues raised by his client, and otherwise offered no explanation for his conclusions. His submission was essentially a "no-merit" letter – precisely the sort of document the *Anders* Court condemned. We find it entirely unacceptable.

We will grant Briskin's motion to withdraw, and urge Briskin not to seek remuneration for his services on this appeal. Guided, however, by Mr. Bennett's *pro se* briefs, we have reviewed the record and conclude his claims challenging his conviction lack merit. Accordingly, we will affirm the judgment of conviction. However, as noted above, Bennett's sentence was erroneously based on a prior conviction which had not yet become final. We note also that Bennett was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). We will vacate Bennett's sentence and remand the cause for appointment of counsel and re-sentencing by the District Court considering the Court's decision in *Booker* and without application of the recidivist penalty established under 21 U.S.C. §841(b)(1)(A).