

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2007

# USA v. Bell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1391

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bell" (2007). *2007 Decisions.* Paper 1066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-1391

———

UNITED STATES OF AMERICA

v.

DERRICK H. BELL,
                                        Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00161)
District Judge: Honorable Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1
March 9, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and POLLAK,* District Judge

(Filed: May 25, 2007)

———

OPINION

———

—————————————

* Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

POLLAK, District Judge.

Pursuant to a plea agreement, Derrick Bell pled guilty in the United States District Court for the Middle District of Pennsylvania to a one-count information charging him with distribution of, and possession with intent to distribute, crack cocaine from a time unknown through January 23, 2003, in violation of 21 U.S.C. § 841(a)(1). The District Court exercised jurisdiction over the matter pursuant to 18 U.S.C. § 3231. Judge Conner sentenced Bell to a 170-month term of incarceration on January 28, 2005.

Bell appealed, and his court-appointed appellate counsel, Gary L. Kelley (who was also Bell's retained counsel in the District Court), filed an *Anders* motion seeking to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. At the outset, we note that Mr. Kelley has markedly failed to fulfill his *Anders* responsibilities. However, because, after our own review of the record, we find that there are no non-frivolous issues on appeal, we will nevertheless affirm the defendant's conviction and sentence and grant Mr. Kelley's motion to withdraw.

I.

Because we write primarily for the parties, we discuss only those facts necessary to our decision. On June 25, 2003, Bell was charged by indictment with distribution of, and possession with intent to distribute, five grams or more of crack cocaine. At his initial appearance, he pled not guilty. One year later, on July 21, 2004, the grand jury

2

returned a superseding indictment in which Bell was again charged with distribution of, and possession with intent to distribute, crack cocaine. However, in the superseding indictment, the grand jury made special findings that Bell distributed and possessed with the intent to distribute between 50 and 150 grams of crack cocaine and that he had at least two previous felony drug convictions. Bell again pled not guilty, and on September 10, 2004, Judge Conner prepared for jury selection in Bell's trial.

On September 13, 2004—after the jury had been selected in his case—Bell pled guilty pursuant to a written plea agreement. Under the terms of the plea agreement, Bell waived his right to indictment by a grand jury and agreed to plead guilty to an information that would be filed by the government once the plea was accepted. The information charged distribution of, and intent to distribute, crack cocaine, but, as part of the plea agreement, did not include a specific drug weight. Thus, whereas Bell had been facing a statutory maximum of forty years under the initial indictment, and life imprisonment under the superseding indictment, the statutory maximum under the information was only twenty years. The government additionally agreed to recommend a two-level credit for acceptance of responsibility (if warranted).

Two months after changing his plea, Bell filed a *pro se* motion to withdraw his guilty plea, but he withdrew his motion to withdraw the following month. On January 28, 2005, Judge Conner sentenced Bell to a 170-month term of imprisonment, a $500 fine, $500 restitution, a $100 special assessment, and a three-year term of supervised

release. Bell filed a notice of appeal on February 7, 2005. On March 17, 2006, Bell wrote a letter to his attorney, Mr. Kelley, describing eighteen issues he thought the attorney should raise on appeal. Mr. Kelley filed his *Anders* brief on April 3, 2006.

## II.

If a criminal defendant wishes to appeal his/her case but counsel, after thorough review of the record, cannot find any appealable issue, counsel may file what is known as an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); Third Circuit Local Appellate Rule 109.2(a). Rule 109.2(a) reflects the Third Circuit's implementation of *Anders*:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, [18 L. Ed.2d 493] (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

In assessing an *Anders* brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (explaining Rule 109.2(a)). We first examine whether Mr. Kelley fulfilled the requirements of Rule 109.2(a) and then turn to the issue of our independent review.

4

## A.

As Rule 109.2(a) reflects, "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why such issues are frivolous." *Youla*, 241 F.3d at 300. In the instant case, counsel has done neither. To the contrary, all Mr. Kelley has done is reproduce *seriatim* the eighteen issues that defendant Bell related to him in his letter of March 17, 2006. The *Anders* document Mr. Kelley filed contains no explanation of the issues listed therein, nor has Mr. Kelley provided any legal analysis to demonstrate why these issues are frivolous. Furthermore, there is nothing in the *Anders* filing (to call the filing an *Anders* "brief" would be problematic, since the word carries the connotation of professionalism) to suggest that Mr. Kelley ever undertook an examination of the record in search of non-frivolous issues for appeal.

By contrast, Bell has filed two *pro se* briefs on appeal. These briefs present contentions which, in the aggregate, may be grouped as presenting three issues: (1) whether the information to which Bell pled guilty contained an improper amendment of the charges against him because he was initially charged by indictment but then pled guilty to an information; (2) whether the district judge correctly determined Bell's sentence based on the drug being "crack cocaine" rather than another form of cocaine base (which would have resulted in a lesser sentence); and (3) whether Mr. Kelley, as counsel in the District Court, was ineffective for (a) being unprepared for trial,

5

prompting Bell to plead guilty; (b) failing to object at sentencing or elsewhere that the information improperly amended the charge against him; and (c) failing to object at sentencing or elsewhere that the District Court erroneously determined that the controlled substance at issue was crack cocaine and not some other form of cocaine base.[1] When a *pro se* criminal defendant with limited high-school education files a substantially more searching brief than his attorney, it is apparent that counsel has not come close to fulfilling his *Anders* responsibilities.

## B.

Where an *Anders* brief does not comport with the minimum standards set forth above, the court has the authority to deny counsel's motion to withdraw and order further briefing. *See United States v. Marvin*, 211 F.3d 778, 782 (3d Cir. 2000). However, a narrow exception exists for cases where the court of appeals, upon independent review, finds that the "frivolousness [of the appeal] is patent." *Id.* at 781. We find that this is such a case.

Our independent review of the record in this case, including the plea hearing transcript, pre-sentencing investigation report, and sentencing hearing transcript, confirms that Bell voluntarily and knowingly pled guilty to the information and admitted that crack cocaine, rather than any other form of cocaine base, was at issue.

---

[1] The government responded to Bell's *pro se* brief and supplemental brief with a detailed and well-researched thirty-page opposition.

6

Accordingly, we conclude that the first two sets of issues raised in his *pro se* briefs are without merit.

With regard to Bell's ineffective-assistance-of-counsel claims, we note that ineffective assistance claims are usually pursued in a collateral proceeding, rather than on direct appeal. *See United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989), *overruled on other grounds by United States v. Price*, 76 F.3d 526, 528 (3d Cir. 1996). "There is, however, a narrow exception to the rule that defendants cannot attack the efficacy of their counsel on direct appeal. Where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). The government, however, contends that this court cannot make a determination whether counsel was ineffective on the basis of the record at hand. We concur in that assessment. (We would add that, even if the record shed more light than it does on Bell's claims of ineffective assistance, we think it unlikely that Mr. Kelley would be an effective advocate with respect to those claims.)

## III.

Because the issues raised on appeal (other than the ineffective-assistance-of-counsel-claims, the merits of which are not properly before us at this time) are patently

without merit, we will affirm Derrick Bell's conviction and sentence.[2] Mr. Kelley, defendant's court-appointed appellate counsel, is granted leave to withdraw. But Mr. Kelley is, via this opinion, advised that we find his performance in representing defendant in this appeal to have been seriously deficient. Such a departure from accepted professional standards should not be repeated. Under these circumstances, Mr. Kelley may conclude that it would be the better part of prudence not to seek fees for his services on Bell's behalf on appeal. *Cf. United States v. Bennett*, No. 04-3225, 2007 WL 760965, at *2 (3d Cir. March 14, 2007). If Mr. Kelley does wish to seek fees, the court will entertain a submission from Mr. Kelley explaining his efforts.

---

[2] As to the issues listed in Mr. Kelley's *Anders* filing, the government did not address each in turn, and neither do we. It is sufficient to hold that, after an independent review of the record, we find that there exist no non-frivolous issues that we can address on this appeal.