**UNITED STATES of America**

v.

**Trenell J. COLEMAN, Appellant**

**No. 08–3155.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 10, 2009.

Filed: July 31, 2009.

Trenell J. Coleman, Allenwood USP, White Deer, PA, pro se

John M. Holliday, Esq., Trenton, NJ, for Appellant.

George S. Leone, Samuel A. Stern, Office of United States Attorney, Newark, NJ, for Appellee.

Before SLOVITER, AMBRO, and JORDAN, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Trenell J. Coleman was convicted by a jury of a Hobbs Act conspiracy to commit bank robberies in violation of 18 U.S.C. § 1951 (Count 1), attempted bank robbery in violation of 18 U.S.C. § 2113 (Count 3), two counts of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2 and 4), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 6). Coleman was then sentenced to 572 months imprisonment.

On appeal to this court, we affirmed Coleman's conviction but vacated his sentence and remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Notwithstanding our remand, we also held that the District Court properly imposed both a seven-year mandatory-consecutive sentence on Count 2 and a twenty-five year mandatory-consecutive sentence on Count 4 because those sentences were required by the terms of § 924(c). *See United States v. Goggans*, 257 Fed.Appx. 515, 518 (3d Cir.2007). On remand, the District Court imposed a sentence of 444 months imprisonment.

Coleman's counsel, who filed a timely notice of appeal, has filed a motion to withdraw as counsel and a brief in support of that motion pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Coleman has filed a pro se brief in opposition to his counsel's *Anders* motion. The government has also filed a brief supporting counsel's *Anders* motion.

### I.

Coleman and co-defendants Lacy Goggans, Ronald Blackwell, and Ryan Washington conspired to rob nine banks in New Jersey between 2000 and 2002. Coleman was armed with, and brandished, a firearm during the robberies. The conspirators also attempted to rob the Roma Federal Savings Bank in Trenton, New Jersey, on April 16, 2002, which they aborted. During their flight, Coleman was arrested while in possession of a firearm.

As noted above, Coleman was convicted by a jury of conspiracy to commit bank robbery under the Hobbs Act, attempted bank robbery, two counts of use of a firearm during a crime of violence, and possession of a firearm by a felon. We previously affirmed that conviction. *Goggans*, 257 Fed.Appx. at 517. Thus, the only issue before us is whether the District Court properly resentenced Coleman after we remanded the case in light of *Booker*.

On remand, the District Court determined, as it had during Coleman's initial sentencing and as we approved in our opinion on his first appeal, that it was

required to impose a seven-year consecutive sentence on Count 2, which involved a violation of 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a weapon during the bank robberies underlying the Hobbs Act conspiracy, and a twenty-five-year consecutive sentence on Count 4, which involved a violation of 18 U.S.C. § 924(c)(1)(C)(i) for use of a firearm during the attempted bank robbery. The Court also concluded that it was required to impose a ten-year consecutive sentence on Count 6 for possession of a firearm by a felon.

On the Hobbs Act conspiracy (Count 1) and the attempted bank robbery (Count 3), the District Court weighed the seriousness of the offenses, Coleman's criminal history, his role in the offenses, his relative youth at the time of the offenses, his positive post-conviction conduct, and the length of the mandatory sentences on the weapons offenses, and determined that concurrent sentences of sixty months imprisonment on each count were appropriate. Thus, the Court imposed a total sentence of 444 months imprisonment. Counsel for Coleman filed a timely appeal.

## II.

Under *Anders*, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000) (citation omitted.). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Coleman's counsel contends that there are no non-frivolous issues for review on appeal. However, counsel limits his discussion to the District Court's compliance with Federal Rule of Criminal Procedure 32, which governs the procedural requirements for sentencing.

We are troubled by counsel's failure to address any issue other than the District Court's compliance with Rule 32. First, Coleman's counsel does not mention the argument raised by Coleman in his pro se brief to assure us that he has found it to lack merit. *See Marvin*, 211 F.3d at 781 (rejecting *Anders* motion because, inter alia, counsel failed to address issues raised in client's pro se brief). Further, despite the fact that this court previously remanded Coleman's case for resentencing, Coleman's counsel does not even allude to the question whether Coleman's new sentence is reasonable under *Booker* and its progeny. Certainly not every *Anders* brief need include a challenge to the reasonableness of the sentence, especially when the pro se appellant does not raise the issue, but here it was the court that raised the issue.

We emphasize that counsel need not press frivolous arguments on appeal, but the failure to address legal challenges raised by Coleman and the failure to fully address the very issue for which we remanded this matter cause us to question whether Coleman's counsel conducted the required "conscientious examination" of the record. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Thus, we must decide whether we should appoint new counsel or take some other step to ensure that Coleman receives adequate representation.

We believe that our resolution of this matter is guided by the Supreme Court's recent instructions to this court regarding an *Anders* motion in *Bennett v. United States*, —— U.S. ——, 128 S.Ct. 2423, 171 L.Ed.2d 225 (2008). After Bennett was convicted of possession of crack and pow-

der cocaine and sentenced to 240 months imprisonment, his counsel filed a notice of appeal and sought to withdraw from the case pursuant to *Anders*. *United States v. Bennett*, 219 Fed.Appx. 265, 266 (3d Cir. 2007). Bennett filed a pro se brief in which he noted that the district court erred by imposing a recidivist enhancement to his sentence based on a prior conviction that remained subject to direct review; Bennett's counsel failed to present this argument or explain why it was frivolous. *Id.* at 266–67. However, even the government conceded that the district court's imposition of the enhancement was plain error. *Id.* Rather than order the appointment of new counsel, we granted counsel's motion to withdraw and affirmed Bennett's conviction, vacated his sentence, and remanded the case to the district court. *Id.* at 267.

Bennett petitioned for certiorari to the Supreme Court, alleging that our decision infringed his right to appellate counsel. The Court granted a writ of certiorari, vacated the judgment, and remanded the case to this court "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States." *Bennett*, 128 S.Ct. at 2423. In that brief, the government contended that our decision was inconsistent with *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).[1] Brief for the United States at 9–10, *Bennett v. United States*, —— U.S. ——, 128 S.Ct. 2423, 171 L.Ed.2d 225 (2008) (No. 07–8178).

In *Penson*, after Penson and two codefendants were convicted of several crimes in Ohio state court, his counsel filed a notice of appeal. *Penson*, 488 U.S. at 77, 109 S.Ct. 346. Counsel also filed a brief document with the Montgomery County, Ohio, Court of Appeals (the intermediate state appellate court) that stated only that

"he ha[d] carefully reviewed the within record on appeal, [and] that he ha[d] found no errors requiring reversal, modification and/or vacation of appellant's jury trial convictions and/or the trial court's sentence." *Id.* at 78, 109 S.Ct. 346. Thus, counsel moved to withdraw. The Court of Appeals then issued an order that granted counsel's motion to withdraw and that also stated that the court would "independently review the record thoroughly to determine whether any error exists requiring reversal or modification of the sentence." *Id.* However, it denied Penson's requests for new counsel. *Id.* The court eventually found "several arguable claims" and "concluded that plain error had been committed in the jury instructions concerning one count." *Id.* at 79, 109 S.Ct. 346. Thus, it reversed Penson's sentence on that count but affirmed his conviction and sentence on the remaining crimes. *Id.*

After Penson's appeal was dismissed by the Ohio Supreme Court, he petitioned to the United States Supreme Court, which reversed. The Court concluded:

> It is apparent that the Ohio Court of Appeals did not follow the *Anders* procedures when it granted appellate counsel's motion to withdraw, and that it committed an even more serious error when it failed to appoint new counsel after finding that the record supported several arguably meritorious grounds for reversal of petitioner's conviction and modification of his sentence. As a result, petitioner was left without constitutionally adequate representation on appeal.

488 U.S. at 81, 109 S.Ct. 346. Thus, the Supreme Court found two errors that combined to undermine Penson's right to appellate counsel. First, his counsel failed to file an appropriate *Anders* brief, which

---

1. We note that the government had not cited *Penson* in its brief to this court.

therefore "left the Ohio court without an adequate basis for determining that he had performed his duty carefully to search the case for arguable error and also deprived the court of the assistance of an advocate in its own review of the cold record on appeal." *Id.* at 82, 109 S.Ct. 346.

Further, "the Ohio court erred by failing to appoint new counsel to represent petitioner after it had determined that the record supported 'several arguable claims.'" *Id.* at 83, 109 S.Ct. 346. That is, "once a court determines that the trial record supports arguable claims, ... the criminal appellant is entitled to representation." *Id.* at 84, 109 S.Ct. 346.

According to the Solicitor General's brief in *Bennett, Penson* stands for the proposition that, where an appellate court determines "both that petitioner's appointed counsel had failed to comply with the *Anders* procedure *and* that counsel's substantive representation (that there were no nonfrivolous issues in the record ...) was incorrect," then "the correct disposition [is] to appoint new counsel to review the record and file either a merits brief or an *Anders*-compliant brief." Brief for the United States at 12, *Bennett v. United States*, —— U.S. ——, 128 S.Ct. 2423, 171 L.Ed.2d 225 (2008) (No. 07–8178).

 This conclusion is consistent with our decisions and Local Rules implementing *Anders*. Under our Rules, if a panel "finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar." 3d Cir. L.A.R. 109.2 (2008). It follows that if a panel concludes that an appeal lacks arguable merit (i.e., is frivolous), then our Rules do not require appointment of new counsel. Indeed, "in those cases in which frivolousness is patent," we will not appoint new counsel even if an *Anders* brief

is insufficient to discharge current counsel's obligations to his or her client and this court. *Marvin,* 211 F.3d at 781; *see also Penson,* 488 U.S. at 89, 109 S.Ct. 346 (O'Connor, J., concurring) (noting that "nothing in the Court's opinion forecloses the possibility that a mere technical violation of *[Anders]* might be excusable" and concluding that the violation in *Penson* "was not a mere technical violation").

Applying these principles here, we conclude that, although the *Anders* brief filed by Coleman's counsel was deficient, the appeal is patently frivolous. Accordingly, this case is distinguishable from *Penson* and *Bennett.*

 Coleman, in his pro se filings with this court, contends that "the 'any crime of violence' language in [18 U.S.C.] § 924(c) is ambiguous as to the allowable unit of prosecution, and the imposition of a second mandatory-consecutive 25–year sentence violates double jeopardy." Coleman's Reply to Appellee's Response to Counsel's *Anders* Brief and Appellant's Pro Se Opposition at 4. However, Coleman raised and we rejected that same argument in Coleman's first appeal, *Goggans,* 257 Fed. Appx. at 517, and that rejection binds us here. *See In re City of Philadelphia Litigation,* 158 F.3d 711, 717–18 (3d Cir.1998).

 Indeed, as noted previously, the only issue properly before us on this appeal is Coleman's sentence following our remand in his first appeal for re-sentencing in light of *Booker.* We see no nonfrivolous issues with regard to Coleman's new sentence. We agree with his counsel that the District Court properly complied with the requirements of Federal Rule of Criminal Procedure 32. The District Court also followed the dictates of *Booker* and its progeny. It would have been helpful for counsel to note that the Court correctly calculated Coleman's recom-

mended sentencing range under the Guidelines, properly determined that Coleman was subject to several statutory mandatory minimum sentences, heard arguments from both parties regarding an appropriate sentence on the remaining counts, and extensively discussed the factors underlying its sentence on the record. Moreover, the District Court exercised its discretion and granted a substantial downward departure from Coleman's initial sentence. Thus, we see no basis in the record to conclude that the District Court abused its discretion. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594–97, 169 L.Ed.2d 445 (2007).

■ Finally, and notwithstanding our ultimate disposition of this case, we remind appellate counsel who seek to withdraw from representation to heed carefully the requirements of *Anders* and our Local Rules implementing that decision. As *Penson* recognized, "it is through counsel that all other rights of the accused are protected." 488 U.S. at 84, 109 S.Ct. 346. Indeed, "[t]he need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage." *Id.* at 85, 109 S.Ct. 346.

### III.

For the above-stated reasons, we will grant counsel's motion to withdraw and affirm the sentence.