NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-3225 & 07-2715
_____

UNITED STATES OF AMERICA

v.

OMAR BENNETT,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00172-24
(Honorable Stewart Dalzell)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2010

Before: SCIRICA, RENDELL and FISHER, *Circuit Judges*.

(Filed: May 12, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

On April 29, 2004, Omar Bennett was convicted by a jury of conspiracy to

distribute over 5 kilograms of cocaine and over 50 grams of cocaine base ("crack

cocaine") in violation of 21 U.S.C. § 846. On August 3, 2004, he was sentenced to a

mandatory term of 240 months' imprisonment based on the recidivist enhancement in 21 U.S.C. § 841(b)(1)(A), a term of supervised release of ten years, a fine of $1,500, and a special assessment of $100.[1]

This case has a complicated procedural history. Because the mandatory minimum 240-month term was vacated, the trial court's application of the sentencing guidelines is important to the resolution of this appeal, for reasons we will set forth. At the original sentencing, the trial court found the guideline offense level was 32. Although the presentence investigation report stated the drug amounts involved were far greater, calling for a higher offense level, the court relied on the jury's finding in the special verdict. Through a special interrogatory, the jury found the specific drug amounts involved in the crime—over 5 kilograms of cocaine and over 50 grams of crack cocaine. With a criminal history score of I, the guideline sentence range was 121 to 151 months. Nevertheless, because of the recidivist enhancement, the court imposed the mandatory minimum sentence of 20 years' imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). Bennett appealed.

Bennett's trial counsel filed an *Anders* brief, and we permitted Bennett to file a brief *pro se*. *United States v. Bennett,* 219 F. App'x 265, 266 (3d Cir. 2007). We held a

_____

[1] Omar Bennett, among many others, participated in a conspiracy to distribute crack cocaine and cocaine powder across Pennsylvania. Bennett and a partner obtained cocaine from other members of the conspiracy, and then distributed the cocaine to a network of sellers in the area of Greensburg, Pennsylvania. Bennett knew the powder cocaine he delivered to sellers was routinely converted to crack cocaine for distribution. His participation in the conspiracy lasted from 1997 through most of 2000.

previous state court drug conviction of Bennett's, still under review at the time of sentencing yet relied upon for the recidivist enhancement, was not "final" for purposes of 21 U.S.C. § 841(b)(1)(A). *Id.* We remanded for resentencing in light of the advisory regime established in *United States v. Booker*, 543 U.S. 220 (2005), and without application of the recidivist enhancement of 21 U.S.C. § 841(b)(1)(A). *Id.* at 267. We rejected his other grounds for appeal and affirmed his conviction. *Id.*

The District Court appointed new counsel, and directed counsel to discuss with Bennett the risks of proceeding with resentencing under *Booker*. Bennett elected to be resentenced according to our mandate. At the May 29, 2007 resentencing, the trial court reviewed the trial record and found the evidence supported a finding that Bennett was involved in distributing over 150 kilograms of cocaine and over 1.5 kilograms of crack. Those drug amounts warranted an offense level of 38 and a sentencing guideline range of 235-293 months. The District Court imposed a sentence of 235 months' imprisonment, 10 years of supervised release, a fine of $5,000, and a special assessment of $100.

On June 11, 2007, Bennett filed a petition for a writ of certiorari in the Supreme Court, contending that our court, addressing his original conviction and sentence, had erred by failing to appoint new counsel after his trial counsel filed a defective *Anders* brief. The Supreme Court granted the writ, vacated our judgment, and remanded the case to us for further proceedings. *Bennett v. United States*, 553 U.S. 1029 (2008).

While his petition for certiorari to the Supreme Court was pending, Bennett also appealed his resentencing to this Court. The Supreme Court's remand was issued on May

3

12, 2008, before we had taken up Bennett's resentencing appeal. The appeal and remand were consolidated for all purposes, and we appointed new counsel to review the record and file a merits brief.

Bennett now challenges his sentence of 235 months' imprisonment, contending the offense level of 32, found by the District Court in the original August 2004 sentencing, was binding and immune to challenge. He argues the government agreed to the offense level of 32, forfeited its right to object to that finding, and the trial court was bound to apply that offense level at resentencing. He also contends that remand and resentencing under *Booker* was erroneous.

We reserved consideration of this appeal while the Supreme Court addressed *Pepper v. United States*, 131 S. Ct. 1229 (2011). After supplemental briefing, Bennett contends our remand for resentencing was not *de novo*, and reasserts his contention that the District Court was bound by its original offense score calculation as the law of the case. We will affirm.[2]

I.

A.

Bennett contends the District Court erred in applying *Booker* and finding an offense level of 38, because the government had acquiesced to an offense level

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

calculation of 32 at the initial sentencing.[3]  Bennett argues it was incumbent on the government to cross-appeal the court's original sentence based on its finding which set the offense level at 32. We disagree.

We first address the original sentence. Although Bennett contends the original finding of an offense level of 32 was immune to challenge, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S.S.G. § 5G1.1(b). Despite an offense level finding of 32 at the original sentencing,[4] the District Court was obligated to sentence 240 months based on the mandatory minimum in 21 U.S.C. § 841(b)(1)(A).  *See United States v. Cordero*, 313 F.3d 161, 165 (3d Cir. 2002) (citing *United States v. Li*, 206 F.3d 78, 89 (1st Cir. 2000)).

It is of no moment that the District Court erred in imposing the twenty year mandatory minimum. The government was not required to cross-appeal because it never had the intention to obtain a longer sentence after the imposition of the original 240-month mandatory minimum sentence. "[A] conditional cross-appeal is not required . . . to permit us to entertain a Government request to augment one component of a sentence on

---

[3] We review sentences for reasonableness under an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 49 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Lychock*, 578 F.3d 214, 217 (3d Cir. 2009).

[4] Bennett's position that the government agreed to the offense level of 32 is factually incorrect. In 2004, the government filed a presentence memorandum arguing that the offense level score was 38 according to the presentence investigation report, yielding a guideline range of 240-293 months. Appellee Supp. App'x  2, at 2.

one count in response to an appellate ruling decreasing another component of the sentence on the same count." *United States v. Harvey,* 2 F.3d 1318, 1326 (3d Cir. 1993) (quoting *United States v. Bohn,* 959 F.2d 389, 393-94 (2d Cir. 1992)). At resentencing, the District Court imposed a sentence less favorable to the government by five months (235 months).

Furthermore, this court did not alter the judgment of the District Court in favor of a nonappealing party. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Rather, we altered the original judgment of the trial court in favor of the appealing party. Bennett was successful in his appeal because we held the recidivist enhancement was erroneously applied. *Bennett,* 219 F. App'x at 267.

B.

Bennett advances an argument based on "law of the case" principles, contending the trial court's original offense level finding of 32 was controlling at resentencing. Because our mandate on remand did not specifically vacate the offense level score of 32, he argues that offense score remains the "law of the case." We disagree.

If there is legal error at sentencing, the reviewing "court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f). When an appellate court vacates a sentence and remands for a *de novo* sentencing, the trial court is not bound by its prior determinations at resentencing. *Pepper*, 131 S. Ct. at 1250–51.

Bennett contends *Pepper* does not apply. Specifically, he contends our original mandate to the District Court was distinguishable from the Eighth Circuit's mandates in *Pepper* in that we specifically directed to resentence without application of the recidivist mandatory minimum but did not specifically order *de novo* resentencing. *See Bennett,* 219 F. App'x at 266. Our order was not so narrow.

Our remand order to reconsider the sentence under *Booker* vacated the offense level determination as the law of the case. An order to reconsider the sentence under *Booker* invariably meant an order to consider the sentencing guidelines advisory. *United States v. Davis*, 407 F.3d 162, 166 (3d Cir. 2005) (en banc). At the original sentencing, the District Court treated the guidelines as mandatory, even though the offense level was superseded by the recidivist mandatory minimum.

Directing resentencing under *Booker* meant the trial court's determinations under the pre-*Booker* sentencing guidelines scheme, including offense level score determinations, had to be reevaluated. An order to resentence under *Booker* also meant that it was permissible to use judicially determined facts to calculate offense level scores. *See United States v. Grier,* 475 F.3d 556, 568 (3d Cir. 2007) (en banc). Thus, our mandate to reconsider the case in light of *Booker* vacated the sentencing court's original offense level score determination as the law of the case. It was not error to recalculate the offense level score.

II.

7

Because he was originally sentenced under a statutory mandatory minimum, Bennett contends his resentencing should not have been subject to *Booker*. We disagree. His current counsel contends that, had he been original counsel, he would have argued that *Booker* should not apply at resentencing.[5] Nevertheless, we have held that with all post-*Booker* sentencing appeals, resentencing will proceed according to *Booker*. *Davis,* 407 F. 3d at 166. Misapplication of the recidivist enhancement would have invariably required resentencing under *Booker,* the new standard promulgated by the Supreme Court. For this purpose, it is irrelevant that Bennett was erroneously sentenced to a statutory mandatory minimum. The District Court properly treated the sentencing guidelines as advisory at resentencing. *See Booker*, 543 U.S. at 245; U.S.S.G. § 5G1.1(c).

As noted, we review a sentence for reasonableness under an abuse of discretion standard. *United States v. Lychock*, 578 F. 3d 214, 217 (3d Cir. 2009). There was no error in the resentencing. It was not an abuse of discretion for the District Court to consult the trial record to determine the offense level. Moreover, the District Court properly calculated the guidelines range, adequately explained the chosen sentence, and sufficiently considered the 18 U.S.C § 3553(a) factors. *See United States v. Gall*, 552 U.S. 38, 51 (2007). There was no error.

III.

---

[5] Bennett's original counsel filed an *Anders* brief arguing for resentencing under the advisory regime in *Booker*. As noted, the Supreme Court vacated our first remand order based on the Solicitor General's position that new counsel should have been appointed. *Bennett*, 553 U.S. at 1029.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.