**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2299

UNITED STATES OF AMERICA

v.

SEAN BEST, a/k/a "SHIZ,"

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-03-cr-00041-001)
District Judge:  Honorable John J. Jones

Submitted under Third Circuit LAR 34.1
on March 18, 2011

Before:  BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion filed:  June 7, 2011)

O P I N I O N

**ROTH**, Circuit Judge:

        This appeal arises from the District Court's revocation of Sean Best's term of

supervised release.  After reviewing the record from the revocation of the supervised

release proceeding and finding no potentially meritorious issues for appeal, Best's court-appointed counsel seeks permission to withdraw pursuant to Third Circuit Local Appellate Rule 109.2 and *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we determine that the issues presented in this appeal lack merit, and therefore will grant court-appointed counsel's withdrawal request and affirm the District Court's sentencing decision.

## I. **Factual Background**

Because we write primarily for the parties, we only briefly summarize the facts of this case. Best pleaded guilty to a charge of conspiracy to distribute cocaine and was sentenced to 60 months' incarceration and three years of supervised release. The District Court reached this sentence by granting several downward departures from the prescribed custody range under the Sentencing Guidelines of 151 to 188 months. The sentencing judge explained that he was "going to give [Best] a chance" even though he did not "have to give him a break . . .." (A53.)

After completing his sentence on February 22, 2007, Best commenced his three-year term of supervised release. Approximately two months later, Best distributed 3.4 grams of cocaine base to a confidential informant in exchange for cash. Approximately six months later, law enforcement officers recovered 35.8 grams of cocaine base and 6.2 grams of cocaine hydrochloride while executing a search warrant at Best's residence. Best was arrested and indicted for possession of cocaine. On October 4, 2007, the government sought to detain Best for violating his supervised release pending the disposition of the new criminal charges.

On March 12, 2010, Best pleaded guilty to the indictment and received a 65-month term of incarceration for the new offense. The District Court then held a revocation hearing on May 3, 2010. Best conceded through counsel that he had violated the terms of his supervised release, and the government sought the maximum term of 24 months, asserting that although the original sentence was lenient, Best had not been deterred from selling cocaine. Best's counsel requested a variance, citing his full-time employment, the death of his mother, and the loss of parental rights for his son. The District Court determined, however, that a variance was inappropriate in light of Best's rapid return to crime after his release. After considering all of the factors listed in 18 U.S.C. § 3553, the judge sentenced Best to 24 months' imprisonment. Best appealed, and his court-appointed counsel filed an *Anders* brief pursuant to Third Circuit Local Appellate Rule 109.2(a).[1]

---

[1] Third Circuit L.A.R. 109.2(a) provides in relevant part:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to [*Anders*], which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se*. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel . . . .

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction over the underlying criminal offense pursuant to 18 U.S.C. § 3231. District courts retain jurisdiction to revoke a term of supervised release pursuant to Section 3583(e) of the Sentencing Reform Act of 1984, 18 U.S.C. § 3583(e). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Our review of whether an appeal is frivolous is plenary. When presented with an *Anders* brief, we determine whether counsel fulfilled the requirements of LAR 109.2 and whether an independent review of the record presents any non-frivolous issues for appeal. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).

A district court's decision to revoke a term of supervised release is reviewed for an abuse of discretion. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). Factual findings supporting revocation are reviewed for clear error, while legal issues are subject to *de novo* review. *United States v. Poellnitz*, 372 F.3d 562, 565-66 & n.6 (3d Cir. 2004). We review a sentence imposed for a revocation of supervised release for reasonableness related to the factors set forth in 18 U.S.C. 3553(a). *See United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

## III. Discussion

*Anders* compels court-appointed counsel to "advise the court and request permission to withdraw" if he "finds [an appeal] to be wholly frivolous, after a conscientious examination of" the case. *Anders*, 386 U.S. at 744. Frivolous appeals lack any basis in fact. *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10

4

(1988). The first inquiry is "whether counsel adequately fulfilled [L.A.R. 109.2's] requirements." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If the *Anders* brief appears adequate on its face, the Court independently reviews whether the record presents any non-frivolous issues, limiting its review to "those issues raised in Appellants' *pro se* brief," if any. *Id.* at 301. If the Court finds only frivolous issues, the Court must grant court-appointed counsel's motion, and dispose of the appeal without appointing new counsel. 3d Cir. L.A.R. 109.2(a) (2010).

Court-appointed counsel has adequately fulfilled the L.A.R. 109.2 requirements. He has conscientiously evaluated possible issues for appeal, considered them in detail, and explained why those issues lack legal merit. The Government agrees with court-appointed counsel's assessment, and the *pro se* defendant has failed to submit a *pro se* brief identifying any non-frivolous issues for appeal. We agree with the parties that Best's appeal of the revocation of his supervised release lacks arguable merit.

Moreover, our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80-81 (1988), discloses no arguable grounds for direct appeal. We conclude that the issues presented lack legal merit and that court-appointed counsel is not required to file a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

## IV. Conclusion

For the reasons set forth above, we will grant court-appointed counsel's withdrawal request and affirm the District Court's judgment of sentence.