**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3256
_____

UNITED STATES OF AMERICA

v.

OMAR BENNETT,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00172)
District Judge:  Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2013

Before: SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: February 15, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Omar Bennett seeks review of the District Court's order denying

his motion for reconsideration of its order denying his motion for reduction of sentence

1

pursuant to 18 U.S.C. § 3582(c)(2), and his "Motion to Set Aside Judgment [pursuant to] Fed. R. Civ. P. 60(b)(4), (5) and (6)." For the reasons discussed below, we will affirm.

This matter has a complicated procedural history which is familiar to both parties, so we need not fully recite it here. In summary, Bennett, a federal prisoner, was convicted of conspiracy to distribute more than five kilograms of cocaine and fifty grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846. His original sentence was vacated and he was resentenced in light of United States v. Booker, 543 U.S. 220 (2005). At the resentencing hearing, the District Court determined the offense level to be 38 based on the evidence in the trial record which supported a finding that Bennett was involved in distributing over 150 kilograms of cocaine and over 1.5 kilograms of crack. Bennett was sentenced to 235 months' imprisonment, and the sentence was affirmed on appeal. United States v. Bennett, 427 F. App'x 228, 232 (3d Cir. 2011).

In December 2011, Bennett filed a motion for reduction of sentence pursuant to § 3582(c)(2), arguing that he was entitled to a sentence reduction in light of retroactive Amendments 706 and 750 to the United States Sentencing Guidelines, which lowered the base offense level under U.S.S.G. § 2D1.1(c) for most crack cocaine offenses. The District Court denied the motion. Bennett then filed a subsequent motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and a "Motion to Set Aside Judgment" pursuant to Fed. R. Civ. P. 60(b), both of which were denied in an order entered July 26, 2012, and Bennett appealed.

2

We must first determine the scope of this appeal. To be timely, a defendant's notice of appeal in a criminal case must be filed in the district court no later than 14 days after the challenged order is entered. Fed. R. Crim. P. 4(b)(1)(A). A § 3582(c)(2) motion is considered a continuation of the criminal proceedings and, accordingly, the 14-day period for filing a notice of appeal applies. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003). A motion for reconsideration can toll the time for taking an appeal if filed within the period allotted for filing a notice of appeal. See United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993); see also United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1997) (per curiam) ("the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion"). The District Court's order denying the § 3582(c)(2) motion was entered on December 9, 2011, but the motion for reconsideration was not filed until 38 days later on January 11, 2012. Therefore, Bennett's motion for reconsideration did not operate to toll the period for filing an effective notice of appeal. See United States v. Brewer, 60 F.3d 1142, 1144 (5th Cir. 1995).

Nevertheless, the time limit for filing an appeal in a criminal case is not jurisdictional. Virgin Islands v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). Here, the Government waived the issue by failing to raise it. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Because the delay in filing the motion was not inordinate, we exercise our discretion to consider the appeal from both the underlying order denying the § 3582 motion and the District Court's July 26, 2012 order.

See United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008) (noting that a court should not *sua sponte* raise the time bar in criminal cases "when judicial resources and administration are not implicated and the delay has not been inordinate").

We exercise plenary review over a district court's determination that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2).  United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).  We review the denial of a motion for reconsideration for abuse of discretion.  Long v. Atlantic City Police Department, 670 F.3d 436, 446-447 (3d Cir. 2012).  We review the denial of a Rule 60(b) motion for an abuse of discretion, except where it is raised under Rule 60(b)(4), in which case our review is plenary. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).

We agree with the District Court that Bennett was not entitled to a reduction of his sentence.  Under § 3582(c)(2), a district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2). A reduction in sentence is not authorized, however, where it does not have the effect of lowering the applicable guideline range.  See U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Brown, __ F.3d __, slip op. at 2 (3d Cir. December 6, 2012, No. 12-2558). The base offense level for the 150 kilograms of powder cocaine which the District Court determined was attributable to Bennett is 38, the same offense level he received for the *combined* offenses involving crack and powder cocaine.  Thus, because the amendment

4

would not have the effect of lowering his guideline range, Bennett was ineligible for a reduction of sentence.

In denying Bennett's motion for reconsideration, the District Court determined that such a motion was available only in civil cases, and does not apply to a § 3582 proceeding. We disagree. Courts have inherent authority in criminal matters to decide motions for reconsideration or rehearing and have repeatedly exercised that authority in the context of § 3582 proceedings. See United States v. Carr, 932 F.2d 67, 70-72 (1st Cir. 1991) (citing cases); see generally Weatherspoon, 696 F.3d at 421. We nevertheless agree with the District Court's alternative holding that the Rule 59(e) motion was meritless. To the extent Bennett sought to challenge this Court's mandate in United States v. Bennett, 427 F. App'x 228, 232 (3d Cir. 2011), the District Court lacked the authority to address the claim. See United States v. Kennedy, 382 F.3d 244, 252-53 (3d Cir. 2012). Furthermore, § 3582(c) provides limited circumstances by which a criminal sentence may be modified. Bennett may not obtain, through a motion for reconsideration of his § 3582 motion, a reduction of his sentence through circumstances outside the scope of the statute.

In his "Motion to Set Aside Judgment [pursuant to] Fed. R. Civ. P. 60(b)(4), (5) and (6)," Bennett maintained that the District Court's judgment of May 29, 2007 resentencing him and our May 12, 2011 judgment affirming the resentence should be vacated. We agree with the District Court that, to the extent Bennett is seeking to attack his judgment of sentence, he must present these claims in a motion for habeas relief

5

pursuant to 28 U.S.C. § 2255.[1]  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)

(noting that habeas claims may not be raised in a Rule 60(b) motion).

Accordingly, because there are no meritorious issues on appeal, we will affirm the

District Court's July 26, 2012 order.

---

[1]  We note that, while this appeal was pending, Bennett filed a § 2255 motion raising essentially the same claims he sought to present in his 60(b) motion.