NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2717
_____

UNITED STATES OF AMERICA

v.

ROBERT DEJAUN GAINES,
                               Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 11-cr-088)
District Judge:  Hon. John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2013

Before:   SCIRICA, JORDAN, and ROTH, *Circuit Judges*.

(Filed:  March 13, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Robert Gaines appeals the sentence imposed by the United States District Court

for the Middle District of Pennsylvania, and his attorney moves to withdraw as counsel

pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We will grant the motion to

withdraw and will affirm Gaines's sentence.

## I.    Background

On November 28, 2010, the Pennsylvania State Police attempted to conduct a traffic stop of a car that they observed operating without rear registration lights.  The driver of the car attempted to flee, and a high-speed chase ensued.  During the chase, the police drove over a silver object in the roadway.  They lost sight of the fleeing vehicle but later discovered it in a nearby parking lot without its driver.  The police returned to the area in which they had seen the silver object and recovered a loaded, nickel-plated Ruger .22 magnum handgun.  The police ultimately apprehended Gaines in connection with the chase.

An officer read Gaines his *Miranda* rights, and, afterward, on the way to the police station, Gaines admitted that he had thrown a nickel-plated handgun out of the car window.  At the police station, Gaines was re-read his *Miranda* rights.  He then told police that he was carrying the gun for protection.

A grand jury indicted Gaines on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  He initially pled not guilty but changed his plea to guilty on October 31, 2011, pursuant to a written plea agreement with the government.[1]

---

[1] At the change of plea hearing, Gaines said he understood that by entering a guilty plea he was giving up, *inter alia*, the right to have the court decide any pretrial motions. He verified his signature on the plea agreement and told the District Court that he had read and understood the agreement.  The terms of the agreement were also summarized for Gaines, who agreed that the summary was accurate.  He then stated that no threats had been made against him or his family to induce him to sign the plea agreement, and that he had signed it of his own free will.  The Court also discussed Gaines's concerns over some of the facts presented by the government and aspects of his criminal history.  In the

The District Court held a sentencing hearing on May 31, 2012, and calculated the sentencing guidelines range as 92 to 115 months' imprisonment. Citing § 4A1.3 of the United States Sentencing Guidelines,[2] Gaines moved for a downward departure from the guidelines range, on the grounds that his criminal history category of VI overrepresented the seriousness of his past crimes. Gaines also requested a downward variance in consideration of the 18 U.S.C. § 3553(a) sentencing factors and requested that any sentence imposed by the Court run concurrently with his state prison sentence. The Court denied the motion for departure, noting that there had been an escalation in the seriousness of the crimes committed by Gaines and that he had recently been convicted in state court on five counts of drug trafficking. The Court also noted that Gaines had been sentenced *in absentia* in state court one week before the current offense. After considering the § 3553(a) factors at length, including the fact that Gaines's employment history was sporadic, that a substantial amount of his income was derived from drug trafficking, and that Gaines had been sentenced in state court on drug charges just before he was arrested on the present offense, the Court went on to consider that Gaines had a

agreement, Gaines agreed that his offense met all of the elements of a violation of 18 U.S.C. § 922(g), as they were explained to him by the Court. Gaines reserved the right to direct and collateral appeal by having the waiver of appeal section stricken from the plea agreement. The government agreed not to pursue any further prosecution directly arising out of the charged offense and moved for a three-level reduction in Gaines's calculated offense level for acceptance of responsibility.

[2] That guideline provides, "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3(b)(1).

3

serious drug abuse problem, which he admitted, and that he had a supportive family.  The

Court declined to have Gaines's sentence run concurrently with his state sentence,[3] but it

imposed a below-guidelines sentence of 84 months' imprisonment to run consecutively

with Gaines's state sentence.

## II.    Discussion[4]

Gaines filed this timely appeal of his sentence on June 14, 2012.  Submitting that

all potential issues for appeal are frivolous, Gaines's counsel asks permission to

withdraw.  Under *Anders*, appellate counsel may seek withdrawal after conducting a full

and conscientious examination of all the proceedings and determining that there is no

non-frivolous basis for appeal.  *Anders*, 386 U.S at 744.  Counsel must accompany such a

request with a brief identifying any issues that might support an appeal.  *Id.*

We apply a two-step review when *Anders* is invoked: first, we determine whether

counsel has "adequately fulfilled" the requirements of Local Appellate Rule 109.2(a),[5]

---

[3] The District Court concluded that to run the sentence concurrently with the state sentence would almost eclipse the sentence that it imposed and that Gaines would effectively avoid punishment for the violation of 18 U.S.C. § 922(g).

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[5] We implement *Anders* through our Local Appellate Rule 109.2(a):

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.  The United States must file a brief in response.  Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant

4

and, second, we examine "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

When deciding whether counsel has "adequately fulfilled" the requirements of Rule 109.2(a), we turn to the adequacy of counsel's supporting brief. To be adequate, the brief must satisfy us that counsel has thoroughly examined the record in search of appealable issues and has explained why those issues are frivolous. *Youla*, 241 F.3d at 300. "Counsel need not raise and reject every possible claim," but must still carefully examine the record. *Id*. If the *Anders* brief is adequate, our review is limited to those issues implicated by the brief. *Id*. at 301. When the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id*. Regardless of the adequacy of the brief, we may affirm the conviction and sentence without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

The *Anders* brief here identifies three potentially appealable issues:[6] (1) whether Gaines's statements to police should have been suppressed, (2) whether Gaines

counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a).

[6] Gaines was informed by this Court of his right to submit a *pro se* brief in support of his appeal but has failed to do so. Gaines's counsel, however, has included in the *Anders* brief issues proposed by Gaines.

5

voluntarily entered into the plea agreement with the government, and (3) whether the District Court imposed an unreasonable sentence and abused its sentencing discretion. Gaines's counsel examined the record and contends there is no merit to this appeal. We are satisfied that the *Anders* brief is adequate and will confine our review to the issues it contains.[7]

The argument that Gaines's statements to police should have been suppressed is meritless. After entering an unconditional guilty plea, as Gaines did here, an appellee may not raise on appeal any issues concerning pretrial rulings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The District Court here informed Gaines at the change of plea hearing that he would be waiving the right to bring any pretrial motions by pleading guilty, which Gaines acknowledged. Gaines made no pretrial motions for suppression, nor did he make his guilty plea conditional. Thus, he is precluded from arguing the suppression issue, and it represents no basis for appeal.

Gaines's contention that he did not voluntarily enter into the plea agreement with the government is likewise unfounded, as it contradicts his testimony to the District Court

---

[7] Counsel's *Anders* brief also discusses a possible jurisdictional objection, but that issue is patently frivolous because district courts have original jurisdiction over "all offenses against the laws of the United States" under 18 U.S.C. § 3231. Gaines was indicted for and pled guilty to a violation of 18 U.S.C. § 922(g), a law of the United States.

at the change of plea hearing and is without support in the record. A guilty plea is not constitutionally involuntary merely because the government threatens to pursue more serious charges, as this is part of the "give-and-take" of the plea bargaining process. *Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978). Gaines testified at the change of plea hearing that he had not been threatened and had entered into the plea agreement of his own free will. Therefore, Gaines's argument that his guilty plea was not voluntary is frivolous.

Finally, Gaines's challenge to the reasonableness of his sentence is, like his other arguments, frivolous. We review the sentencing decision of a district court for abuse of discretion, looking for procedural error and then examining the sentence for substantive reasonableness. *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011). The District Court recognized the guidelines as advisory and imposed a sentence below the guidelines range. It considered and dismissed Gaines's motion for a departure from the guidelines because it did not find that his criminal history was overstated. The Court thoroughly considered the § 3553(a) factors, and explained its analysis, considering the nature of the crime, the escalation of offenses committed by Gaines, his committing the present offense promptly after an *in absentia* sentence for drug offenses in state court, his personal history and circumstances, the sufficiency of the sentence, the need for deterrence, and the need to avoid sentencing disparities. Thus, his sentence was procedurally reasonable. A sentence eight months below the minimum guidelines sentence is certainly not outside the broad range of possible sentences, and it is therefore

substantively reasonable as well. Gaines's sentencing argument is therefore patently meritless.

## III. Conclusion

For the foregoing reasons, we will grant the motion to withdraw and affirm the sentence imposed by the District Court.