NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1913
_____

UNITED STATES OF AMERICA

v.

WILLIAM L. LUCAS,
also known as BILLY,

William L. Lucas,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 1-99-cr-00030-003)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1
May 12, 2011

Before:  SMITH, CHAGARES and VANASKIE, *Circuit Judges*

(Opinion Filed: August 3, 2011)

_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge*.

     William L. Lucas ("Lucas") admitted to violating the terms of his supervised

release and was sentenced to twenty-four months' imprisonment to be served

consecutively to his existing state sentence. Lucas then appealed. His attorney has moved to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm the Judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of the case, we set forth only those facts necessary to our analysis.

Lucas pleaded guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 on January 26, 2000 and was sentenced to ninety-six months in prison followed by five years of supervised release. Lucas served his term of imprisonment and was released in July 2007. On August 5, 2008, while on supervised release, Lucas was arrested by the City of Pittsburgh Police and charged with two counts each of possession of a controlled substance and possession with intent to deliver. On December 9, 2009, Lucas entered a negotiated guilty plea in the Court of Common Pleas for Allegheny County to one count each of possession of a controlled substance and possession with intent to deliver. He was sentenced to five to ten years' imprisonment followed by ten years' probation.

As a result of this conviction, the U.S. Probation Office filed a Petition for Probation/Supervised Release Action on December 28, 2009, alleging a violation of his supervised release. In his hearing on March 22, 2010, Lucas admitted to violating the terms of supervised release by illegally possessing a controlled substance. Based on this admission, the District Court found that he had violated his supervised release and further

2

determined that Lucas's advisory guidelines range called for an imprisonment term between twenty-four and thirty months.

Lucas's counsel requested that the District Court impose no penalty or, alternatively, impose a sentence to run concurrent with his state sentence. The District Court disagreed with counsel's recommendation. It stated that it was bothered by the similarity between the federal and state convictions and noted that a concurrent sentence would amount to essentially no punishment for the violation of supervised release. Accordingly, the District Court imposed a sentence of twenty-four months' imprisonment to be served after the state sentence.

Lucas filed a timely appeal, and appellate counsel was appointed for him. Lucas's attorney has moved to withdraw and submitted an *Anders* brief.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

*Anders* sets forth "the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We implement *Anders* through Local Appellate Rule 109.2, which, in pertinent part, provides:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United

3

States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.

3d Cir. L.A.R. 109.2(a). To meet the requirements of Local Appellate Rule 109.2, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. However, "[c]ounsel need not raise and reject every possible claim." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "[A]t a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* This Court, in turn, asks "whether counsel adequately fulfilled" the requirements of Rule 109.2, and "whether an independent review of the record presents any nonfrivolous issues." *Id.*

When an *Anders* brief is adequate, we limit our review to the portion of the record that is highlighted in the brief. *Id.* at 301. When the *Anders* brief is not adequate, we may undertake a more expansive review of the record. *See id.* (consulting portions of the record identified by the *pro se* brief where *Anders* brief was inadequate). Regardless of the adequacy of the *Anders* brief, we will grant counsel's motion to withdraw without appointing new counsel if we determine that the appeal is patently frivolous. *See United States v. Coleman*, 575 F.3d 316, 321-22 (3d Cir. 2009).

A.

In his *Anders* brief, counsel raises only the issue of whether the District Court imposed an unlawful sentence. In this case, counsel has fulfilled his obligation set forth in *Anders* by explaining that the District Court's sentence was procedurally and substantively reasonable, and that no nonfrivolous appealable issues remain. Lucas has not submitted a brief on his own behalf. As a result, pursuant to *Youla*, we will limit our review to the portion of the record addressed in counsel's *Anders* brief.

In a sentencing appeal, we "review the sentence under an abuse-of-discretion standard" to ensure

> that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the guidelines range.

*Gall v. United States,* 552 U.S. 38, 51 (2007).

The District Court committed no procedural errors in this case. The record indicates the District Court properly calculated Lucas's advisory guidelines range as twenty-four to thirty months' imprisonment, to be served consecutively with his state sentence. The District Court also acknowledged the advisory nature of the guidelines, measured all arguments presented by the parties, considered the relevant factors set forth in 18 U.S.C. § 3553(a), and thoroughly explained why it chose Lucas's sentence.

Having found no procedural errors, we turn to whether or not the sentence imposed by the District Court was substantively reasonable. "[T]he appellate court should consider the substantive reasonableness of the sentence imposed under an abuse-

5

of-discretion standard" taking into account "the totality of the circumstances, including the extent of any variance from the guidelines range." *Gall*, 552 U.S. at 51. "If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). In the present matter, the District Court carefully considered the circumstances of Lucas's case and arrived at a sentence at the low end of the guidelines range. This was a reasonable sentence.

III.

In sum, we conclude that Lucas's appeal does not present any nonfrivolous issues, as the District Court did not abuse its discretion in imposing Lucas's sentence. Accordingly, we will grant counsel's motion to withdraw and affirm the Judgment of the District Court.