NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2388
_____

UNITED STATES OF AMERICA

v.

JENNIFER FILPO,
                               Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(Crim. No. 2:07-cr-00675)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2011

BEFORE: FUENTES and CHAGARES, Circuit Judges, and RESTANI, International
Trade Judge*

(Opinion Filed: December 13, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

_____

* Honorable Jane A. Restani, International Trade Judge of the United States Court of
International Trade, sitting by designation.

1

Jennifer Filpo pled guilty to a one-count Information of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Filpo was sentenced to 60 months of imprisonment, followed by three years of supervised release. She now appeals her conviction and sentence. Counsel for Filpo has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and requests leave to withdraw. A copy of the *Anders* brief was sent to Filpo, but she has not filed a *pro se* response brief. Since we are satisfied that counsel's brief was adequate, and because the record does not present any non-frivolous issues, we will affirm the District Court's sentence and grant Filpo's counsel leave to withdraw.

## I.

Because we write only for the parties, we briefly discuss the facts necessary to our conclusion. Filpo pled guilty in 2007 to a one-count Information of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. This provision carries a statutory minimum prison sentence of five years and a maximum prison sentence of forty years. The plea agreement included an appellate waiver by which Filpo relinquished her right to appeal, though the parties reserved the ability to appeal the sentencing court's determination of Filpo's criminal history category pursuant to 18 U.S.C. § 3742.

In April 2010, the District Court held a sentencing hearing at which it sentenced Filpo to the statutory minimum of 60 months, pursuant to 21 U.S.C. § 841(b)(1)(B)(i), followed by three years of supervised release.

2

## II.

In *Anders*, the Supreme Court provided that, although a defendant's counsel is required to "support his client's appeal to the best of his ability," counsel may request permission to withdraw from a case if he finds it to be "wholly frivolous." 386 U.S. at 744. We have established that, where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, he or she may file a motion to withdraw and a supporting brief pursuant to *Anders*, which shall be served upon the appellant and the United States. *See* 3d Cir. L.A.R. 109.2(a). Counsel's brief must: (1) "'satisfy the court that he or she has thoroughly scoured the record in search of appealable issues,'" and (2) "'explain why the issues are frivolous.'" *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Upon receipt of the brief, we ask "'(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.'" *Id.* (quoting *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)). Appellant may also file a brief in response *pro se*. *See* 3d Cir. L.A.R. 109.2(a). When an *Anders* brief is adequate, we review only the portions of the record identified in the brief and any issues raised by the appellant in his *pro se* brief. If we find that there are no non-frivolous issues, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Marvin*, 211 F.3d at 780 (quoting 3d Cir. L.A.R. 109.2(a)).

Here, counsel's *Anders* brief appears adequate. Counsel has identified the following possible issues: whether Filpo knowingly and voluntarily pled guilty; the reasonableness of her sentence; and the enforceability of her appellate waiver. The *Anders* brief and our independent review of the record lead us to agree with counsel that each issue is frivolous. The District Court conducted an adequate colloquy to ensure that Filpo understood the nature and consequences of her plea. It is clear from the record that she knowing and voluntary pled guilty. The District Court also properly considered the factors specified in 18 U.S.C. § 3553(a), as well as the applicable statutory and Guidelines provisions, before sentencing Filpo to a term of imprisonment that comports with the statutory minimum and is within the Guidelines range. Finally, Filpo freely entered into a waiver of her right to appeal her conviction and sentence, and there would be no miscarriage of justice in enforcing it. *See United States v. Goodson,* 544 F.3d 529, 533 (3d Cir. 2008).

## III.

For the foregoing reasons, we will affirm the District Court's conviction and sentence. We accept the defense counsel's *Anders* brief, and counsel's motion for leave to withdraw will be granted.