**UNITED STATES of America**

v.

**Leon Martin NISBETT, Appellant.**

No. 10–4269.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 6, 2011.

Opinion Filed: Dec. 22, 2011.

Allan John–Baptiste, Esq., Office of United States Attorney, Christiansted, VI,

Everard E. Potter, I, Esq., Office of United States Attorney, Charlotte Amalie, St. Thomas, VI, for United States of America.

Eric S. Chancellor, Esq., Christiansted, St. Croix, VI, for Appellant.

Before: FISHER, GREENAWAY, JR., and ROTH, Circuit Judges.

## OPINION

GREENAWAY, JR., Circuit Judge.

The District Court concluded, based on his guilty plea, that Leon Martin Nisbett ("Nisbett") violated the conditions of his supervised release. In light of that violation, the District Court sentenced Nisbett to nine months of imprisonment, followed by eighteen months of supervised release. Nisbett seeks to appeal this sentence. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no non-frivolous issues exist for appeal, and seeking to withdraw as counsel representing Nisbett. For the reasons set forth below, we will grant counsel's motion to withdraw and dismiss the appeal.

### I. Background

We write primarily for the benefit of the parties and recount only the essential facts.

Based on a conviction for failure to appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A), Nisbett was sentenced, in January 2004, to ten months of imprisonment, to run consecutively to a sentence for carrying a dangerous weapon, in violation of the Virgin Islands Code. Upon completion of his term of imprisonment, Nisbett was sentenced to three years of supervised release.

As a consequence of violating this initial term of supervised release, Nisbett was sentenced to nine months of incarceration, followed by an additional term of two years of supervised release. Nisbett began this term of supervised release on October 17, 2008. He violated the terms of his second term of supervised release by testing positive for marijuana several times. In response, the District Court continued Nisbett's supervised release, with the added conditions of posting a bond and establishing a third party custodian. Nisbett violated the conditions of his supervised release for a third time, and was referred to an in-patient drug treatment program in Atlanta, Georgia.

Nisbett failed to return to St. Croix upon completion of the in-patient program, and a bench warrant issued for his arrest. While a fugitive in Atlanta, he was arrested for forgery, pled guilty to the charge, received a sentence of time served, and returned to St. Croix escorted by law enforcement, based on the outstanding warrant.

Upon his return, Nisbett admitted to violating the terms of his supervised release. Specifically, he admitted to failing to return to St. Croix upon completing the in-patient program and being arrested and convicted for forgery. Nisbett's counsel and the government recommended to the District Court that Nisbett be sentenced to nine months of imprisonment, with no additional term of supervised release. The District Court revoked Nisbett's supervised release, and sentenced him to nine months of imprisonment, followed by eighteen months of supervised release.

### II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231, 3583(e). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

### III. Standard of Review

"In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir.2000). Under *Anders*, counsel seeking to withdraw from representation must "satisfy the court that he or·she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Id.* at 780. "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Where frivolousness is patent, however, "we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir.2009).

A District Court's decision to revoke supervised release is reviewed for abuse of discretion. *See United States v. Maloney*, 513 F.3d 350, 354 (3d Cir.2008). Factual findings are reviewed for clear error, and legal issues are reviewed de novo. *See id.*

### IV. Analysis

Counsel's brief identifies two possible issues for appeal, neither of which is nonfrivolous. First, he suggests that Nisbett might challenge the factual basis for finding that he violated the terms of his supervised release. Second, counsel suggests that Nisbett might seek review of the District Court's decision to impose a term of supervised release following the term of incarceration, despite the recommendation from the government and Nisbett's counsel to the contrary.

In his pro se brief, Nisbett argues that he was not in violation of the terms of his supervised release since he had received permission from probation officer Alfredo Samper to remain in Atlanta and report to the Probation Office there. Further, Nisbett argues that he was prevented from presenting this evidence to the District Court, and that, as a result, his due process rights were violated. He does admit in his pro se brief that he was arrested in Atlanta, although he argues that his term of supervised release had already expired by the time he was arrested.

The government agrees with Nisbett's counsel that no nonfrivolous issues exist, and further notes that the arguments in Nisbett's pro se brief are without merit.

We agree with counsel and the government that no nonfrivolous issues exist. Though succinct, counsel's brief demonstrates he reviewed the record in an effort to identify any potentially appealable issues.

The first argument that Counsel identifies is that insufficient evidence existed to demonstrate that a violation occurred. This argument is without merit. District courts have the authority to revoke a term of supervised release if they "find[ ] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We have emphasized that in order "to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions." *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir.2004) (citing *United States v. Manuszak*, 532

F.2d 311, 317 (3d Cir.1976)) (internal quotations omitted). Nisbett admitted to violating his conditions of supervised release. Even if Nisbett had not admitted to the violations, the record of his conviction for forgery in Georgia suffices to support the District Court's decision to revoke his supervised release.

The arguments raised in Nisbett's pro se brief fail for the same reason. That is, even if Nisbett had permission to remain in Atlanta, he nonetheless committed a crime while there, thus violating the terms of his supervised release. Even in his pro se brief, Nisbett admitted to this arrest and conviction, which clearly occurred prior to the expiration of his term of supervised release.

■ The second issue counsel raises is whether the District Court gave sufficient weight to the factors set forth in 18 U.S.C. § 3553(a) in imposing a term of supervised release as part of Nisbett's sentence. This argument also lacks merit. At the revocation hearing, the District Court reviewed Nisbett's history and considered the comments made by Nisbett's counsel and the government. Based on this information, the District Court concluded that the sentence imposed was warranted in order to "ease the transition for Mr. Nisbett" into society (App.27) and to ensure that Nisbett "respect[s] the law, [is kept] from violating the law, [and] that [the sentence] will protect the community" (App.31). The transcript of the sentencing hearing amply demonstrates the District Court's meaningful consideration of the 18 U.S.C. § 3553(a) factors. There is no basis for appeal on this issue.

### V. Conclusion

We find that no nonfrivolous issues exist for consideration on appeal. We will grant counsel's motion to withdraw, pursuant to *Anders,* and affirm the judgment and sentence of the District Court. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b) (2011).