**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2752
_____

UNITED STATES OF AMERICA

v.

ROSE PIERCE,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-11-cr-00631-001)
District Judge: Hon. Robert B. Kugler
_____

Submitted under Third Circuit LAR 34.1(a)
April 22, 2013

Before: JORDAN, ALDISERT and NYGAARD, <u>Circuit Judges</u>.

(Filed: April 24, 2013)

_____

OPINION OF THE COURT
_____

ALDISERT, <u>Circuit Judge</u>.

Rose Pierce appeals the judgment of the United States District Court for the

District of New Jersey sentencing her to 42 months' imprisonment. Pierce pleaded guilty

to knowingly and intentionally using a telephone to facilitate the distribution of

oxycodone, in violation of 21 U.S.C. § 843(b). Pierce's attorney ("Counsel") has filed a

1

motion to withdraw as counsel and a brief in support of that motion pursuant to Anders v. California, 386 U.S. 738 (1967). After reviewing Counsel's brief, the Government's brief, Pierce's own pro se brief and the record, we conclude that there are no meritorious issues for this Court to resolve. Accordingly, we will grant Counsel's motion to withdraw and affirm the judgment of the District Court.

I.

Pierce was charged with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), and conspiring to distribute oxycodone, in violation of 21 U.S.C. § 846. Pursuant to a negotiated plea agreement, however, Pierce waived her right to be indicted by a grand jury and pleaded guilty to knowingly and intentionally using a telephone to facilitate distribution of oxycodone, in violation of 21 U.S.C. § 843(b).

During the plea hearing, the District Court confirmed Pierce's mental and physical competence to enter into the plea and her understanding of its stipulations. The Court then accepted her plea. During the sentencing hearing, Counsel confirmed that Pierce had no corrections or additions to make to the presentence investigation report ("PSR"). The PSR included a table that converted the weight of oxycodone to its marijuana equivalent in order to obtain the appropriate base offense level.

The Court then considered the 18 U.S.C. § 3553(a) factors, including Pierce's age, physical disabilities, mental health, family circumstances and likelihood of recidivism. It found that Pierce was at the "center of this drug ring" and "the most important player in this whole drug ring." App. 64. It sentenced Pierce to 42 months' imprisonment, six months below the statutory maximum. Pierce timely appealed.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

## II.

Under <u>Anders v. California</u>, 386 U.S. 738 (1967), appointed counsel may seek to withdraw from representing a criminal defendant on appeal if he or she concludes that there are no meritorious issues to appeal. When seeking to withdraw, counsel must submit a brief identifying anything in the record that might arguably support an appeal. See <u>id.</u> at 744. This "<u>Anders</u> brief" must (1) "satisfy the [C]ourt that counsel has thoroughly examined the record in search of appealable issues," <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001); (2) identify any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (3) "explain . . . why the issues are frivolous," <u>United States v. Marvin</u>, 211 F.3d 778, 780-781 (3d Cir. 2000); <u>see also</u> <u>United States v. Coleman</u>, 575 F.3d 316 (3d Cir. 2009).

This Court's inquiry when counsel seeks to withdraw pursuant to <u>Anders</u> is twofold. <u>Coleman</u>, 575 F.3d at 319. First, this Court must determine whether the <u>Anders</u> brief satisfies Third Circuit Local Appellate Rule 109.2(a)[2] by evaluating whether or not the brief is adequate. <u>Id.</u> Second, this Court must independently review the record to determine whether it presents any nonfrivolous issues. <u>Id.</u> If this Court is satisfied at step one that the <u>Anders</u> brief is adequate, it is proper for this Court to use the brief itself as a

---

[2] Rule 109.2(a) states:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) . . . . If the panel agrees that the appeal is without merit, it will grant counsel's <u>Anders</u> motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the <u>Anders</u> brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar . . . .

guide during its review of the record. Youla, 241 F.3d at 301. Here, we are persuaded that Counsel thoroughly reviewed the record and that his brief adequately identifies and rejects the issues that might have been appealed.

III.

Counsel correctly points out that any challenge to Pierce's guilty plea would be frivolous. Rule 11(b) of the Federal Rules of Criminal Procedure sets forth a number of elements that must be satisfied in order for a District Court to accept a plea. Our review of the plea hearing transcript confirms that the District Court conducted a thorough plea colloquy that complied with Rule 11(b)'s requirements. Additionally, we agree with Counsel that there is no merit to the specific argument identified in Counsel's brief that Pierce was forced to lie during her plea as a result of the method used to calculate her offense level. Not only did Pierce not make any admission regarding marijuana, she expressed that she understood that the weight of oxycodone would be converted to its marijuana equivalent in order to obtain the appropriate base offense level.

IV.

We agree also with Counsel that any challenges to Pierce's sentencing would be frivolous. We review all sentences for procedural and substantive reasonableness. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). Procedurally, a district court must comply with Rule 32 of the Federal Rules of Criminal Procedure and the three-step sentencing process set forth in Gall v. United States, 552 U.S. 38, 49-50 (2007).[3] Upon our independent review of the record, we conclude that there are no nonfrivolous issues to appeal regarding Pierce's sentencing proceedings.

---

[3] Gall requires a district court to (1) correctly calculate the advisory Guidelines range, (2) rule on any departure motions, and (3) evaluate the § 3553(a) factors and explain the chosen sentence in a manner that allows for meaningful appellate review of the substantive reasonableness of the ultimate sentence.

4

Rule 32(f)(1) of the Federal Rules of Criminal Procedure requires that parties have 14 days after receiving the PSR to state in writing any objection they have. Pierce "had sufficient opportunity to review the presentence investigation report" and did not have additions or corrections. App. 56. Because Pierce did not timely object to the report, we reject as frivolous any contention that the District Court erred in relying on the PSR for its findings.

Additionally, the District Court fully complied with the Supreme Court's three-step sentencing process by correctly calculating the advisory Guidelines range, ruling on departure motions, and examining the § 3553(a) factors. The Court determined Pierce's base offense level was 29 after a three-level reduction for acceptance of responsibility and an additional two-level safety-valve adjustment. It thoroughly balanced Pierce's health and low likelihood of recidivism against the seriousness of her crime. It was also clear in stating that Pierce had already received a "tremendous break" as a result of a 48-month statutory maximum. Ultimately the District Court sentenced Pierce to 42 months' imprisonment, six months less than the statutory maximum. Accordingly, there was no procedural error in the District Court's sentencing.

We conclude also that there are no nonfrivolous issues to appeal regarding the substantive reasonableness of Pierce's sentence. Pierce's 42-month sentence is certainly within the broad range of possible sentences and is below the statutory maximum. As to the specific argument identified and rejected in Counsel's brief that Pierce's sentence is unreasonable because it created an unwarranted sentence disparity among defendants, we agree that it is without merit. In support of her argument, Pierce erroneously relies on 18 U.S.C. § 3553(a)(6)[4] to argue that that the District Court erred by failing to avoid an

_____

[4] 18 U.S.C. § 3553(a)(6) states that a court, in determining the particular sentence to impose, shall consider " the need to avoid unwarranted sentence disparities among

unwarranted sentence disparity between her and her son, a co-participant in the drug distribution operation, who received a lesser sentence. We have concluded, however, "that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006). Furthermore, the District Court determined that the sentencing disparity was warranted because Pierce was the most important player in the drug ring. Even if Pierce was able to carry the burden of showing that she was similarly situated to her son, the District Court's decision to impose on her a heavier sentence clearly is not an abuse of discretion.

* * * * *

We have considered all additional arguments advanced and conclude that no further discussion is needed. We will grant Counsel's motion to withdraw and affirm the judgment of the District Court. Moreover, we conclude pursuant to Third Circuit Local Appellate Rule 109.2(b) that no issues of legal merit exist for purposes of filing a writ of certiorari in the Supreme Court.

---

defendants with similar records who have been found guilty of similar conduct."