NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4569
_____

UNITED STATES OF AMERICA

v.

ALEXI LOPEZ-LAROSA,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-13-cr-00292-001
District Judge: The Honorable Dennis M. Cavanaugh

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 18, 2014

Before: SMITH, HARDIMAN, and BARRY, Circuit Judges

(Filed: November 26, 2014)

_____

OPINION*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, Circuit Judge

Alexi Lopez-LaRosa pleaded guilty to one count of conspiring to receive and sell stolen goods—specifically, wine and vitamins—in violation of 18 U.S.C. § 371 and one count of receiving and selling stolen wine in violation of 18 U.S.C. § 2315 and § 2. Lopez-LaRosa appeals his sentence.[1] Counsel also moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

**I.**

Lopez-LaRosa pleaded guilty pursuant to a plea agreement containing a broad appellate waiver. Specifically, Lopez-LaRosa gave up his right to "challenge[] the sentence imposed by the sentencing court if that sentence falls within or below the [Sentencing] Guidelines range that results from the agreed total Guidelines offense level of 19." Although Lopez-LaRosa reserved his right "to appeal the sentencing court's determination of the criminal history category," he waived his right to appeal the District Court's acceptance of "a stipulation" from the parties. At sentencing, the parties stipulated to a criminal history category of IV. An offense level of 19 and a criminal history category of IV

corresponds with a Guidelines range of 46 to 57 months' incarceration.

The District Court sentenced Lopez-LaRosa to 28 months' imprisonment on both counts to run concurrently. In reaching this sentence, the District Court accepted the parties' stipulation as to Lopez-LaRosa's criminal history category. But the District Court also granted Lopez-LaRosa a five-level downward departure as to his offense level pursuant to the Government's U.S.S.G. § 5K1.1 motion on account of Lopez-LaRosa's cooperation. In doing so, the District Court expressly considered, *inter alia*, "any potential injury or danger or risk to [Lopez-LaRosa] and his family."

After sentencing, Lopez-LaRosa filed a notice of appeal arguing that the District Court had insufficiently considered both his "extremely helpful and valuable" cooperation as well as the danger to himself and his family because of that cooperation. Lopez-LaRosa also disputed the District Court's reliance on his criminal history in meting out his sentence. Upon receipt of counsel's *Anders* motion, Lopez-LaRosa submitted a *pro se* brief raising as an additional issue the District Court's failure to consider his decision not to flee upon learning that law enforcement sought his arrest.

**II.**

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate

"The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Although "[c]ounsel need not raise and reject every possible claim," *id.*, counsel must provide "sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised," *Marvin*, 211 F.3d at 781.

Counsel focuses his *Anders* brief on the District Court's express consideration of Lopez-LaRosa's cooperation in granting a five-level departure, making an appeal on grounds that the District Court failed to consider that cooperation frivolous. And counsel notes that the District Court considered Lopez-LaRosa's higher criminal history category and his more substantive role in relation to his co-conspirators in declining to give greater consideration to potential sentencing disparities.

But counsel does not adequately address Lopez-LaRosa's concern, raised before counsel submitted his *Anders* brief, that the District Court improperly relied on his criminal history. In limiting the discussion of criminal history to potential

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

sentencing disparities, counsel overlooks the potential appealable issue that the District Court erred in calculating Lopez-LaRosa's criminal history category. This omission is particularly troubling given that Lopez-LaRosa's appellate waiver reserved his right "to appeal the sentencing court's determination of the criminal history category" absent a stipulation. Accordingly, counsel has not met his duty to "mention all the issues raised by his client and assure us that he has considered them and found them patently without merit." *Id.*

### III.

Despite the inadequacy of counsel's *Anders* brief, the Court will grant the motion and affirm Lopez-LaRosa's sentence without appointing new counsel. "'[I]n those cases in which frivolousness is patent,' we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quoting *Marvin*, 211 F.3d at 781). Here, Lopez-LaRosa agreed to a broad waiver of his right to appeal. Lopez-LaRosa confirmed his understanding of the appellate waiver at his plea colloquy and nothing in the record suggests that the waiver was ineffective. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) ("Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). As noted

5

above, that waiver barred any sentencing appeal if the District Court sentenced Lopez-LaRosa to less than "the Guidelines range that results from the agreed total Guidelines offense level of 19." Applying a criminal history category of IV, Lopez-LaRosa's 28-month sentence is far below the resulting 46 to 57 month range.

Further, although the appellate waiver left open the possibility of a challenge to the District Court's determination of Lopez-LaRosa's criminal history category, that waiver also provided that Lopez-LaRosa could not appeal the District Court's acceptance of a stipulation between the parties. The District Court's calculation of a criminal history category of IV was based upon the parties' stipulation to that effect. And even were Lopez-LaRosa successful in reducing his criminal history category to I, the plea agreement's total offense level of 19 would still yield a Guidelines range of 30 to 37 months. This too is higher than Lopez-LaRosa's 28-month sentence. Accordingly, Lopez-LaRosa's appellate waiver applies in full force and his appeal is frivolous.

## IV.

For the reasons stated above, we will grant counsel's motion to withdraw and affirm the judgment of the District Court. We will also certify that the issue presented in the appeal lacks legal merit and does not require counsel to file a

petition for a writ of certiorari with the United States Supreme Court.