NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1752
_____

UNITED STATES OF AMERICA

v.

BRANDON H. SCHNETZKA,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-13-cr-00208-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2015

Before:  AMBRO, HARDIMAN, and SLOVITER, *Circuit Judges*

(Filed: November 18, 2015)
_____

OPINION*
_____

    *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Brandon Schnetzka appeals the District Court's judgment of conviction and sentence. Schnetzka's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's judgment.

I

Schnetzka pleaded guilty to one count of impersonating an officer or employee of the United States in violation of 18 U.S.C. § 912. Schnetzka's offense level under the United States Sentencing Guidelines (USSG) was determined to be four, yielding a Guidelines range of 6 to 12 months' imprisonment. However, the Probation Office stated that an upward departure may be warranted because Schnetzka's criminal history did not adequately reflect the seriousness of his past conduct and because prior convictions were not assigned points. At the sentencing hearing, Schnetzka's counsel argued that an upward departure was not warranted because all of Schnetzka's crimes were economic and nonviolent in nature and because he was facing criminal charges in other jurisdictions for similar crimes.

After hearing arguments from both sides, the District Court imposed a two-level upward departure based on Schnetzka's criminal history—which revolved around theft by deception, forgery, bad checks, and receiving stolen property—and its finding that he presented a "significant financial danger to the community." App. 40. This upward

2

departure yielded a new Guidelines range of 12 to 18 months, and the Court sentenced Schnetzka to 18 months' imprisonment.

Schnetzka filed this timely appeal, and his counsel moved to withdraw.[1]

II

We begin by considering whether counsel's brief adequately fulfills the *Anders* requirements and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* Counsel identified three potential grounds for appeal—the jurisdiction of the District Court, the voluntariness of Schnetzka's plea, and the reasonableness of his sentence—and argued that they all lack merit. Schnetzka did not file a pro se brief.

Although Schnetzka's counsel adequately explained why there are no non-frivolous issues for appeal, we find that his brief is inadequate because it omits important information. We first note that counsel's introduction claims that Schnetzka pleaded guilty to failing to update his sex offender registration. *See* Schnetzka Br. 11. In fact, Schnetzka pleaded guilty to impersonating an officer or employee of the United States. Moreover, although counsel correctly notes that the Court imposed a two-level upward

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

departure, his brief neither describes Schnetzka's adjusted Guidelines range nor explains that Schnetzka's final sentence is within that range. These omissions required the Court to mine the record to ascertain that Schnetzka's sentence was indeed within the adjusted Guidelines range.

Nevertheless, we will not appoint new counsel, as we do not need further assistance. *See United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009). After independent review of the record, we are satisfied that there are no nonfrivolous bases for appeal essentially for the reasons noted by counsel for Schnetzka and the United States.

The first potential ground for appeal is whether the District Court had jurisdiction to enter the conviction and impose sentence. As Schnetzka was charged with violating federal law by impersonating a federal agent and there is no dispute that the crime occurred in the Middle District of Pennsylvania, his offense was amenable to the jurisdiction and venue of the District Court. *See* 18 U.S.C. §§ 912, 3231; Fed. R. Crim. P. 18.

The second potential ground is whether Schnetzka's guilty plea was knowing and voluntary. *See, e.g.*, *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). A sentencing court may not accept a guilty plea until it explains to the defendant the rights he gives up by pleading guilty and confirms that the defendant understands that he is waiving those rights. Fed. R. Crim. P. 11(b). The District Court fulfilled this requirement by conducting, on the record, a colloquy in which Schnetzka asserted that he understood the nature of his

4

crime, the maximum potential sentence he faced, and the rights he was waiving by pleading guilty.

The last potential ground for appeal is whether Schnetzka's sentence was reasonable. We review a district court's sentencing decision for abuse of discretion and will affirm a sentence imposed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). Here, Schnetzka was sentenced to 18 months' imprisonment, which was at the top of his final Guidelines range of 12 to 18 months.[2] In so doing, the District Court considered the sentencing factors in 18 U.S.C. § 3553(a), including Schnetzka's criminal history and the danger he presents to the community. Moreover, the Court explained that it had considered a three-level upward departure, but took into account Schnetzka's medical history and pending criminal charges in other cases and determined that a two-level departure was adequate. Given the deferential abuse-of-discretion standard governing this issue, and that Schnetzka received a within-Guidelines sentence for reasons that are clear from the record, any challenge to his sentence would be frivolous.

---

[2] Although not raised by either Schnetzka's counsel or the Government, we note that the District Court never formally calculated the applicable Guidelines range, either before or after it imposed a two-level upward departure. Nevertheless, the record makes clear that Schnetzka's original Guidelines range was 6 to 12 months' imprisonment based on an offense level of four and his 16 criminal history points. The Court's two-level upward departure increased Schnetzka's offense level to six and yielded a final adjusted Guidelines range of 12 to 18 months' imprisonment. USSG ch. 5, pt. A.

## III

For the reasons stated, we will affirm the judgment of the District Court and grant counsel's motion to withdraw. Because the issues presented on appeal lack legal merit, counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Third Circuit Local Appellate Rule 109.2(c).