**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1451
_____

BRIAN A. PERRI,
            Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-20-cv-13711)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 27, 2024

Before:  RESTREPO, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: August 2, 2024)

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brian A. Perri, a federal inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking either transfer to home confinement pursuant to the Coronavirus, Relief, and Economic Security ("CARES") Act or immediate release because his continued confinement violated the Eighth Amendment. The District Court held that it lacked jurisdiction under § 2241 to address his claims.[1] Perri appeals the denial of his § 2241 habeas petition. His appointed counsel has filed a motion to withdraw as counsel and an *Anders*[2] brief advising that there are no non-frivolous grounds for appeal.[3] For the reasons that follow, we will grant counsel's motion to withdraw and dismiss the appeal.[4]

**I.**

Generally, "[h]aving received an *Anders* motion, this Court must evaluate the adequacy of counsel's briefing and 'must then itself conduct a full examination of all the proceedings to decide whether the case is wholly frivolous.'"[5] Counsel satisfies the first step of our inquiry by demonstrating that s/he has "thoroughly examined the record in search of appealable issues" and analyzed why those issues are frivolous.[6] However, "we will reject briefs . . . in which counsel argue[s] the purportedly

---

[1] In the alternative, it held that Perri's CARES Act claim was meritless.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

[3] As permitted by Third Circuit Local Appellate Rule 109.2(a), Perri filed a pro se brief in response arguing that the District Court erroneously concluded that it lacked jurisdiction over his CARES Act claim and that the claim was meritless.

[4] We have jurisdiction under 28 U.S.C. § 1291.

[5] *United States v. Langley*, 52 F.4th 564, 568 (3d Cir. 2022) (quoting *Penson v. Ohio*, 488 U.S. 75, 80 (1988)). We exercise de novo review to determine whether there are any non-frivolous issues, and we review factual findings for clear error. *Id.*

[6] *Id.* at 569.

frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client."[7] Under the second step, "we conduct our own review of the record regardless."[8] Even if we conclude at the first step that the *Anders* brief filed by counsel is inadequate, we will grant counsel's motion to withdraw and we will not appoint new counsel if "the appeal is patently frivolous."[9]

Here, counsel "has thoroughly examined the record in search of appealable issues,"[10] and identifies two issues as frivolous: (1) whether jurisdiction exists under § 2241 to review Perri's CARES Act claim; and (2) whether jurisdiction exists under § 2241 to review Perri's Eighth Amendment conditions of confinement claim.

We can readily dispose of the first issue because the CARES Act terminated while this appeal was pending.[11] Appeal of this claim is patently frivolous as we no longer have

---

[7] *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000).
[8] *Langley*, 52 F.4th at 569.
[9] *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).
[10] *Langley*, 52 F.4th at 569.
[11] The expanded authority of the Bureau of Prisons to grant home confinement pursuant to the CARES Act only lasted for the "covered emergency period." Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The Act defined the "covered emergency period" as "beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and *ending on the date that is 30 days after the date on which the national emergency declaration terminates.*" *Id.* § 12003(a)(2), 134 Stat. at 516 (emphasis added). On April 10, 2023, President Biden signed into law a joint resolution terminating the national emergency related to COVID-19. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, thirty days later, on May 11, 2023, the covered emergency period ended and the BOP's expanded authority to grant home confinement pursuant to the CARES Act terminated.

jurisdiction over this matter. Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."[12] "This case-or-controversy limitation . . . limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process . . . .'"[13] We lack Article III jurisdiction and "an issue is moot if 'changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'"[14] Perri claims that the Bureau of Prisons abused its discretion under the CARES Act by denying him home confinement. Perri ultimately seeks transfer to home confinement pursuant to the CARES Act. We cannot provide meaningful relief to Perri because the BOP no longer has the authority to grant home confinement under the CARES Act. This issue is moot, and we lack jurisdiction to review it.

Counsel also contends that it would be frivolous to argue that jurisdiction exists under § 2241 to review Perri's Eighth Amendment conditions of confinement claim in which he seeks immediate release. Perri asserts that his continued incarceration violates the Eighth Amendment due to his medical vulnerability to COVID-19.[15] In *Hope v. Warden York County Prison*, "[g]iven the extraordinary circumstances that existed in March 2020 because of the COVID-19 pandemic," we recognized the viability under §

---

[12] U.S. Const. art. III, § 2, cl. 1.
[13] *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).
[14] *Thomas v. Att'y Gen.*, 625 F.3d 134, 140 (3d Cir. 2010) (quoting *Artway v. Att'y Gen. N.J.*, 81 F.3d 1235, 1246 (3d Cir. 1996)).
[15] Perri suffers from asthma, diverticulitis, emphysema, chronic obstructive pulmonary disease, wasting, and atrophy.

2241 of an Eighth Amendment conditions of confinement claim for petitioners seeking release from detention.[16] In doing so, however, we cautioned that we were "not creating a garden variety cause of action."[17] The District Court held that it lacked jurisdiction under § 2241 to hear Perri's Eighth Amendment claim because the extraordinary circumstances that existed in *Hope* are no longer present. Counsel adopts the District Court's reasoning and concludes that it would be frivolous to argue that jurisdiction exists.

However, the issue of jurisdiction is far from frivolous. *Hope* left unresolved "whether a § 2241 claim may be asserted in less serious circumstances."[18] Moreover, in *Ziglar v. Abbasi*, the Supreme Court explicitly recognized that it has "left open the question" whether Eighth Amendment conditions of confinement claims can be brought under § 2241.[19] Additionally, a circuit split currently exists over whether conditions of confinement claims may be raised under § 2241.[20] Counsel's concession that it would be frivolous to argue that Perri had jurisdiction to bring his Eighth Amendment conditions of confinement claim suggests that she may not have "adequately attempted to uncover the best arguments for . . . her client."[21] Nevertheless, we will still grant counsel's motion to

---

[16] 972 F.3d 310, 324 (3d Cir. 2020).
[17] *Id.*
[18] 972 F.3d at 325 n.5.
[19] 582 U.S. 120, 144–45 (2017) (citing *Bell v. Wolfish,* 441 U.S. 520, 526 & 527, n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement . . . ."); *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.")).
[20] A Textual Argument for Challenging Conditions of Confinement Under Habeas, 135 Harv. L. Rev. 1397, 1403–05 (2022) (discussing cases).
[21] *Marvin*, 211 F.3d at 781.

withdraw and dismiss the appeal because Perri's Eighth Amendment claim is "patently frivolous."[22]

"A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'"[23] A prison official acts with deliberate indifference if the official knows an incarcerated person faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[24] Here, prison officials have taken reasonable measures to abate the impact of COVID-19 by offering Perri a COVID-19 vaccine, but he has refused vaccination.[25] Perri "cannot refuse a vaccine that would

---

[22] *Coleman*, 575 F.3d at 321. While we are obligated "to answer questions concerning Article III jurisdiction before reaching other questions," we are not required "to answer all questions of 'jurisdiction,' broadly understood, before addressing the existence of the cause of action sued upon." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 415–16 (3d Cir. 2003) (footnote omitted). If Article III jurisdiction is not in question, "[w]e need not decide difficult jurisdictional issues where we can decide the case on another dispositive issue in favor of the party who would benefit by a ruling that we do not have jurisdiction." *Id.* at 415 (quoting *Hindes v. F.D.I.C.*, 137 F.3d 148, 166 (3d Cir. 1998)). Accordingly, we may address the merits of Perri's Eighth Amendment claim without resolving whether jurisdiction exists under § 2241.
[23] *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (alteration in original) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).
[24] *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).
[25] In a brief submitted to the District Court, Perri contended "that he had an adverse reaction to a flu vaccine as a child and has refused all vaccines since that time, except the tetanus vaccine." App. 141. Despite submitting extensive medical records, Perri failed to provide any evidence to support this contention. Additionally, he neither explained nor provided evidence why an adverse reaction to a flu vaccine would impact his ability to receive a COVID-19 vaccine.

largely ensure his protection from COVID-19 and then allege that prison officials are failing to ensure his protection from COVID-19."[26] Perri's Eighth Amendment claim is frivolous because he is unable to plausibly claim that prison officials have acted with deliberate indifference to his rights.

## II.

For these reasons, we will grant counsel's motion to withdraw and dismiss the appeal.

---

[26] *Ali v. Rivello*, No. 1:20-CV-01462, 2021 WL 5003406, at *3 (M.D. Pa. Oct. 28, 2021); *see also Mollett v. Pa. Dep't of Corr.*, No. 1:23-CV-2084, 2024 WL 232164, at *3 (M.D. Pa. Jan. 22, 2024) (explaining that an inmate's "decision to forego vaccination against COVID-19 dooms his deliberate indifference claim").